### CRAWFORD v. McCARTHY.

(Circuit Court of Appeals, Seventh Circuit. October 2, 1906.)

No. 1,240.

COURTS—SUPREME COURT AND CIRCUIT COURT OF APPEALS—JURISDICTION.

Where a demurrer to a bill in a circuit court assigned as grounds want of jurisdiction in the court as a federal court, because neither diversity of citizenship nor any federal question was disclosed, and also want of "jurisdiction" as a court of equity for lack of equity in the bill, a decree sustaining the demurrer and dismissing the bill "for want of jurisdiction" must be construed to refer to the real jurisdictional grounds, and an appeal therefrom lies to the Supreme Court, and not to the Circuit Court of Appeals, under sections 5 and 6 of Act March 3, 1891, c. 517, 26 Stat. 828 [U. S. Comp. St. 1901, p. 549].

[Ed. Note.—Jurisdiction of Circuit Court of Appeals in general, see notes to Lau Ow Bew v. United States, 1 C. C. A. 6, and United States Freehold Land & Immigration Co. v. Gallegos, 32 C. C. A. 475.]

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

On motion to dismiss appeal.

On November 7, 1905, appellant filed his bill of complaint in the office of the clerk of the Circuit Court. A subpoena was issued and served upon appellee, who in due time appeared and demurred to the bill. The demurrer was sustained, appellant refused to amend, and the court entered a decree that "said bill be and the same is hereby dismissed for want of jurisdiction." Appellee has filed a motion to dismiss on the ground that this court has no jurisdiction to entertain the appeal.

The bill, in outline, averred that in April, 1903, on a creditors' bill filed by the Guaranty Trust Company of New York, the Circuit Court for the Northern District of Illinois appointed receivers of the property of the Chicago Union Traction Company; that the receivers took and now hold possession; that the suit is pending, undetermined; that in July, 1903, on petition of the Guaranty Trust Company, the Circuit Court entered a decretal order authorizing the

receivers to audit claims against the traction company and on each valid claim to issue a certificate that the claim had been audited and approved, and that the lawful holder thereof was entitled to share in the distribution on an equality with the Guaranty Trust Company; that complainant Crawford was a creditor of the traction company; that in July, 1905, the receivers audited and approved his claim and issued to him their certificate; that he has always been and is now the owner of the certificate and of the claim on which it was founded; that about September 1, 1905, he employed Whipple & Co., Chicago brokers, to sell the certificate for him at a designated price, and for that purpose delivered to them the certificate assigned in blank; that the brokers failed to sell, and on October 9, 1905, he demanded the return of his certificate; that the brokers made false excuses, and on October 13, 1905, were adjudged bankrupts; that in August, 1905, defendant, McCarthy, had employed Whipple & Co. to purchase for him certain stocks and gave them the money to pay therefor; that the brokers embezzled the money, but reported to McCarthy that they had filled his order; that, being pressed by McCarthy for delivery of the stock, they turned over to him Crawford's certificate to hold until they should produce the stock; that this transaction was not in the usual course of business, but was an unauthorized and fraudulent bailment of the certificate in connection with the past due debt of the brokers to McCarthy; that, after the brokers' bankruptcy, McCarthy, with express notice of Crawford's rights, filled in the blank assignment so that it falsely declared that Crawford had transferred the certificate to McCarthy; that Crawford has demanded the return of the certificate, and McCarthy refuses to surrender it. The prayer was that the pretended assignment be canceled, that complainant be declared the lawful owner of the certificate, that possession be awarded him, that McCarthy be enjoined until the final hearing from selling or in any way disposing of the certificate.

The grounds of demurrer were stated as follows:

"First. That this court as a federal court has no jurisdiction of this controversy, because it does not appear therefrom that there is any diversity of citizenship between the plaintiff and the defendant.

"Second. That this court as a federal court has no jurisdiction of this controversy as an ancillary suit, because it does not appear that the subject-matter of this suit is the same as the subject-matter of the suit to which the plaintiff claims in his bill of complaint that this suit is ancillary.

"Third. That this court as a federal court has no jurisdiction of this controversy as an ancillary suit, because it does not appear from the bill of complaint that the defendant denies or in any manner questions the validity or authority of any act performed by any court of the United States or by any receiver or other officer or agent of any United States court; but, on the contrary, it affirmatively appears from the bill of complaint that this defendant, as well as the plaintiff, asserts the validity of all the acts of the United States court, the officers thereof, and the certificate issued by the receivers thereof, and the only controversy is as to the title of said certificate depending upon transactions occurring between two citizens of this state wholly within this state and wholly outside of the controversy involved in the suit in the United States court to which plaintiff in his bill of complaint claims that this suit is ancillary.

"Fourth. That this court as a federal court has no jurisdiction of this controversy, because the bill of complaint does not show that the controversy arises out of any construction of the Constitution or laws of the United States, or of any act done by any of its officers.

"Fifth. That this court as a court of equity has no jurisdiction of this controversy, because the plaintiff has a complete remedy in the premises by possessory action or action of trover in a court of common law.

"Sixth. That this court as a court of equity has no jurisdiction of this controversy, because all the questions arising upon the bill of complaint concern purely legal titles, upon which defendant is entitled to a trial by jury.

"Seventh. The bill of complaint shows no equity in favor of plaintiff against this defendant."

Charles H. Aldrich, for appellant.
Jule F. Brower, for appellee.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

BAKER, Circuit Judge, having stated the case as above, delivered the opinion of the court.

By section 6 of the organic act (Act March 3, 1891, 517, 26 Stat. 828 [U. S. Comp. St. 1901, p. 549]) the Circuit Courts of Appeals are given jurisdiction to entertain "all cases other than those provided for in the preceding section." Cases in which the right of immediate review is conferred upon the Supreme Court by section 5 (26 Stat. 827 [U. S. Comp. St. 1901, p. 549]) include those "in which the jurisdiction of the (trial) court is in issue; in such cases the question of jurisdiction alone shall be certified to the Supreme Court from the court below for decision."

The latter part of the provision refers only to the way in which the record must be gotten up in order that the case in the Supreme Court may withstand a motion to dismiss for informality. Courtney v. Pradt, 196 U. S. 89, 25 Sup. Ct. 208, 49 L. Ed. 398; Excelsior Co. v. Pacific Bridge Co., 185 U. S. 282, 22 Sup. Ct. 681, 46 L. Ed. 910.

Except in cases where the question is whether the trial court ever obtained jurisdiction of the defendant by proper process (Board of Trade v. Hammond Elevator Co., 198 U. S. 424, 25 Sup. Ct. 740, 49 L. Ed. 1111), the word "jurisdiction" in section 5 is interpreted to refer exclusively to the jurisdiction of the trial court as a court of the United States—a court sharply restricted both as to persons and as to subject-matters. Courtney v. Pradt, 196 U. S. 89, 25 Sup. Ct. 208, 49 L. Ed. 398; Bache v. Hunt, 193 U. S. 525, 24 Sup. Ct. 547, 48 L. Ed. 774; Louisville Trust Co. v. Knott, 191 U. S. 225, 24 Sup. Ct. 119, 48 L. Ed. 159; Blythe v. Hinckley, 173 U. S. 501, 19 Sup. Ct. 497, 43 L. Ed. 783; Smith v. McKay, 161 U. S. 355, 16 Sup. Ct. 490, 40 L. Ed. 731.

In the case at bar the defendant by his first four grounds of demurrer asserted that the bill, by its averments and omissions, showed that the court as a federal court was without jurisdiction, because no federal question was involved, because the nonfederal controversy was between citizens of the same state, and because the nonfederal controversy could not be created a handmaiden of the suit of the trust company against the traction company simply by labeling the bill "ancillary." This challenge required consideration, and, if the court deemed it well founded, it was the court's duty to dismiss the bill "for want of jurisdiction."

Of course, if the court believed that the challenge of its jurisdiction as a federal court was not sustained, it was the court's duty, under the remaining grounds of demurrer, to proceed and determine whether the bill stated a case requiring or justifying its interposition. Now, because the fifth and sixth causes of demurrer also mention "jurisdiction," the motion to dismiss is resisted on the contention that the decree is ambiguous, that it cannot be told therefrom for what want of jurisdiction the bill was dismissed. Even so, it remains true that

the jurisdiction of the trial court as a federal court was and is in issue. But the fifth and sixth causes of demurrer, in their essential nature, do not deny, but rather invoke, the authority of the court to hear and determine. Under them the question was whether the case required equitable relief.

Those causes, therefore, were but specific instances of the general objection covered by the seventh cause, namely, that the facts set forth in the bill were not sufficient to constitute a cause of action in equity. In Smith v. McKay, 161 U. S. 355, 16 Sup. Ct. 490, 40 L. Ed. 731, as in this case, objection was raised to the bill on the ground that the complainant had a plain and adequate remedy at law. Of this the court said: "The objection was not to the want of power in the Circuit Court to entertain the suit, but to the want of equity in complainant's bill." This view was again upheld in Louisville Trust Co. v. Knott, 191 U. S. 225, 24 Sup. Ct. 119, 48 L. Ed. 159.

As, therefore, the only objections to the court's power to hear and decide the merits of the bill were contained in the first four grounds of demurrer, and as these denied the jurisdiction of the court as a federal court, the record unequivocally demonstrates that the bill was dismissed "for want of jurisdiction" within the meaning of section 5.

The motion accordingly is sustained, and the appeal dismissed.