ALTON WATER CO. v. BROWN et al.

(Circuit Court of Appeals, Seventh Circuit. October 6, 1908.)

No. 1,468

1. COURTS (§ 405*)—CIRCUIT COURT OF APPEALS—APPELLATE JURISDICTION.

The provisions of Act March 3, 1891, c. 517, §§ 5, 6, 26 Stat. 827, 828 (U. S. Comp. St. 1901, p. 549), giving the Supreme Court exclusive appellate jurisdiction from the Circuit or District Court "in any case in which the jurisdiction of the court is in issue," are limited in their application (1) to cases where the jurisdiction of the federal court as a federal court is put in issue, and (2) to an issue raised whether jurisdiction of the defendant was ever obtained by proper process; and, unless one or the other of such issues is raised, the case is reviewable by the Circuit Court of Appeals.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1097–1103; Dec. Dig. § 405.*

Jurisdiction of Circuit Courts of Appeals in general, see notes to Law Ow Bew v. United States, 1 C. C. A. 6; United States Freehold Land & Em. Co. v. Gallegos, 32 C. C. A. 475.]

2. EQUITY (§ 437*)—ANCILLARY JURISDICTION OF COURT—ENFORCEMENT OF DECREES.

A court of equity, federal or state, has jurisdiction to protect and effectuate its decrees, standing unreversed, in favor of a purchaser of property thereunder, by ancillary proceedings against any party to the litigation who interferes with rights therein determined.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 1054; Dec. Dig. § 437.*]

3. EQUITY (§ 35*)—ANCILLARY JURISDICTION OF COURT—ENFORCEMENT OF DECREE.

A court of equity which by its decree foreclosed a mortgage given by a corporation to secure an issue of bonds, in a suit against the trustee named therein, and ordered a sale of the property free from the claims of any of the parties or persons claiming through or under them, reserving jurisdiction "for the purpose of enforcing the conditions of this decree," has ancillary jurisdiction of a bill by the purchaser against bondholders under such mortgage to enjoin them from prosecuting a suit in another jurisdiction to reforeclose the mortgage on the ground that they were not personally made parties to the original suit and are not bound by the decree therein, such court having exclusive jurisdiction to determine that question.

[Ed. Note.—For other cases, see Equity, Dec. Dig. § 35.*]

4. CORPORATIONS (§ 482*) — MORTGAGES—FORECLOSURE BY ACTION—NECESSARY PARTIES—REPRESENTATION OF BONDHOLDERS BY TRUSTEE.

The provisions of the Illinois Chancery Act, Starr & C. Ann. St. 1896, c. 22, pars. 7, 43, that, in suits in chancery and suits to obtain the title to lands in any court of the state wherein persons are interested whose names are unknown, they may be made parties under the description of unknown owners and served by publication, and that decrees thereupon shall bind such persons as though sued in their proper names, conceding that such provisions are applicable to suits in equity in federal courts in that state, do not change the rule of such courts that in a suit to foreclose a corporation mortgage given to a trustee to secure bonds the bondholders are represented by the trustee and bound by a decree against him, nor require that the bondholders should be brought in, whether known or unknown.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 482.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the Circuit Court of the United States for the Southern Division of the Southern District of Illinois.

This appeal is from a final decree dismissing the bill of complaint, filed by the appellant in the trial court, as an ancillary bill under foreclosure proceedings and creditors' bill theretofore pending in such court, wherein sale of mortgaged property had been decreed and such sale made to the appellant's grantor of title therein, and confirmed by the court. The relief sought by the ancillary bill was to clear an alleged cloud cast upon the title by the appellees, asserting claim as bondholders under one of the mortgages so foreclosed, and to enjoin their prosecution of a suit commenced in the circuit court of Madison county for foreclosure of their alleged mortgage claim upon the property in question, notwithstanding such primary proceedings in the trial court. The facts averred are the same which were brought to this court for review in an appeal entitled "New England Water Works Co. v. Farmers' Loan & Trust Co.," 136 Fed. 521, 69 C. C. A. 297, together with the facts appearing in the subsequent writ of error entitled "Lewis v. Peck," 154 Fed. 273, 83 C. C. A. 211, in reference to the sale under such foreclosure decree, confirmation thereof, and conveyance of the mortgaged property; and include further averments of proceedings commenced by the appellees in the state court, notwithstanding such prior decrees and conveyance thereunder, to foreclose the mortgage in question, and have a receiver appointed to take possession of the property—thus attempting to "relitigate the questions of right concerning said property which had been fully litigated and settled" under such prior decrees, and "render ineffectual the said decree," and "depreciate the title acquired thereunder."

The ancillary bill, therefore, predicates the claim to relief against the appellees on the same state of facts involved in the above-mentioned case of Lewis v. Peck (as stated in connection with the opinion therein), with the further averment that another foreclosure suit has been brought by these appellees, representing like interests under the same mortgage of which foreclosure was thus sought on behalf of the bondholders, upon like claim that they were not served with process or bound by the prior decree of foreclosure in the trial court.

General and special demurrers to the bill were interposed by the appellees, with special causes stated: (1) for want of jurisdiction "over the subject-matter and parties to the suit," and (2) as not an ancillary bill, because the appellees were not parties to the original proceedings referred to.

Motion was made by the appellant for a preliminary injunction, and such motion set down for hearing, together with the demurrers; and thereupon the decree appealed from was entered, (1) denying the injunction, (2) sustaining the demurrers, and (3) dismissing the bill of complaint "for want of jurisdiction."

William Burry and Levi Davis, for appellant.

Elijah N. Zoline, for appellees.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

SEAMAN, Circuit Judge (after stating the facts as above). The jurisdiction of this court to entertain the appeal from the decree of the Circuit Court is challenged by motion on behalf of the appellees for dismissal, upon the twofold proposition: That the jurisdiction of the trial court was in issue under each of the special causes assigned for demurrer to the bill, and that the decree appealed from expressly sustains such causes, by the terms of the decree dismissing the bill "for want of jurisdiction." As the judiciary act of 1891, organizing the Circuit Courts of Appeals (Act March 3, 1891, c. 517, 26 Stat. 827 [U. S. Comp. St. 1901, p. 549]), provides, in section 5, for appeal direct from the Circuit Court to the Supreme Court, "in any case

in which the jurisdiction of the court is in issue,". and, by section 6, cases thus made reviewable by the Supreme Court on direct appeal or writ of error from the trial court are excepted from the appellate jurisdiction conferred upon the Circuit Court of Appeals, it is plain that this appeal is not entertainable, if the jurisdictional objections thus raised by demurrer and upheld by the trial court are within the meaning of the above-mentioned provision of section 5, for immediate review by the Supreme Court. See opinion of this court, in Crawford v. McCarthy, 148 Fed. 198, 200, 78 C. C. A. 356.

In appeals and writs of error under this organic enactment, the decisions have been numerous in construing the provision referred to; and that the opinions were not entirely harmonious in its interpretation appears not only from the citations for and against the present motion, but from the initial lines of ruling in the various circuits. The difficulty arose out of the general terms of the provision for cases "in which the jurisdiction of the court is in issue," to ascertain the statutory purpose in reference to the numerous objections raised, in trials at law and in equity, for alleged "want of jurisdiction." We are of opinion, however, that the interpretation is settled in the line of recent decisions by the Supreme Court cited in Crawford v. McCarthy, supra, and that other authorities which are relied upon for dismissal of this appeal are inapplicable to that end. The statutory meaning thus established for the jurisdictional issue which governs the right of appeal limits its application (1) "to cases where the jurisdiction of the federal court, as a federal court, is put in issue"—excluding from its scope "questions of jurisdiction applicable to the state courts, as well as to the federal courts" (Board of Trade v. Hammond Elevator Co., 198 U. S. 424, 432, 25 Sup. Ct. 740, 49 L. Ed. 1111, and Courtney v. Pradt, 196 U. S. 89, 91, 25 Sup. Ct. 208, 49 L. Ed. 398, with cases reviewed)—and (2) to an issue raised, whether jurisdiction of the defendant was ever obtained by proper process (Board of Trade v. Hammond Elevator Co., supra) ; so, without one or the other of these well-defined jurisdictional issues raised by the demurrer and decided in the decree, the case is reviewable by this court.

That the demurrer raises no question of invalid service of process— no matter dehors the averments of the bill—goes without saying. That it raises questions of equitable jurisdiction over the matters stated in the bill—both under the general and the special demurrers—may well be conceded. We do not understand, however, that the jurisdiction of the trial court, as a federal court, is expressly challenged by either demurrer, nor that any issue is raised thereby which would not be applicable alike were the bill filed in any court of equitable jurisdiction, state or federal.

The alleged special causes of demurrer are relied upon for support of the present motion; but neither of the two grounds referred to specifies an issue distinctively federal, nor purports to put in issue the jurisdiction of the court under its federal limitations alone. Each, therefore, is plainly distinguishable from the several causes of demurrer so stated in Crawford v. McCarthy, supra, and not within the rule referred to which was there applied. The first special ground

stated for the instant demurrer is want of jurisdiction "both over the subject-matter and parties to the suit," and its utmost possible force is to raise one or both of these jurisdictional issues: (a) Whether the bill is in truth ancillary under the facts stated, or, if not, (b) whether it can be upheld as an original bill. As the bill is presented alone as an ancillary bill, without the jurisdictional averments which are fundamental for its entertainment as an original bill, the only substantial issue thus raised is the sufficiency of facts stated to establish ancillary jurisdiction. So, the second ground assigned merely tenders, in another form, like issue with the first, and each is a challenge only of the inherent chancery powers of the trial court over parties and subject-matter. We believe such issue, in either form, to be reviewable here; that the demurrer raises no issue not cognizable on this appeal, and the motion to dismiss is overruled accordingly.

We are brought, therefore, to consideration of the sufficiency of the bill, to authorize the relief sought, as ancillary to the prior foreclosure proceedings and decrees in the trial court. The appellant is successor in interest to the purchaser of the mortgaged property under such foreclosure decree, vested with the title and possession which was thus decreed, conveyed, and confirmed; and the ancillary bill is filed on its behalf for protection, in such title and possession, against interference with or relitigation of rights settled by the decrees referred to, on the part of the appellees, alleged to be parties to the prior litigation and decrees, either actual or constructive. That the jurisdiction of a court of equity, federal or state, is ample to protect and effectuate its decrees, standing unreversed, in favor of a purchaser thereunder, by ancillary proceedings against any party to the litigation who interferes with rights therein determined, is elementary doctrine (Wabash Railroad v. Adelbert College, 208 U. S. 38, 54, 28 Sup. Ct. 182, 52 L. Ed. 379, and cases cited); and it is well settled, accordingly, that the original jurisdiction of the court over subject-matter and parties may thus be invoked and exercised to ascertain the fact and extent of the jurisdiction which was there acquired for all purposes of the decree, and what questions of right were there settled, and to grant equitable relief for assurance and protection of such rights from interference by any person or interest bound by the decrees (Riverdale Mills v. Manufacturing Co., 198 U. S. 188, 195, 25 Sup. Ct. 629, 49 L. Ed. 1008, and authorities there collated and reviewed).

This ancillary bill avers a state of facts, as we believe, within the rule above stated, for the exercise of such jurisdiction, to settle the controversy thus set up by these bondholders, that the decree was inoperative for foreclosure of their interests, for want of personal service upon them, although the trustee named in the mortgage (under which their rights are claimed) was served and participated as their representative throughout the litigation, and such foreclosure is expressly decreed therein. The terms of the instruments (mortgage and bonds) and the property conveyed thereunder as security are the subject-matter (in part) of the litigation and final decree, with the effect of each of such terms involved for decision; and the question of right so involved—whether the trustee as appointed became the representa--

tive of bondholders for all purposes of the decree, within the general rule well recognized in such foreclosures—was the fundamental inquiry to be determined for the decree as passed. Primary jurisdiction of the res appearing in the trial court, its authority to determine from the mortgages in suit whether the actual presence of the bondholders, joined as individual parties with their trustee, was needful for the purposes of the final decree—and if so, to provide for bringing them in through proper process—is not only unquestionable, but exclusive as well, pending complete adjudication. Moreover, the general rule is uniformly recognized in the federal authorities (Beals v. Illinois, etc., R. R. Co., 133 U. S. 290, 295, 10 Sup. Ct. 314, 33 L. Ed. 608, and cases cited) that the presence of the trustee so named in the mortgage securing the bonds "is sufficient to bind the rights and interests of bondholders, who are thus constructively served and present" (Lewis v. Peck, ante). · The contention that this rule is inapplicable in Illinois, under a local statute—sections 7 and 43 of the Chancery Act, Starr & C. Ann. St. (2d Ed.) 1896, c. 22, pp. 563, 590, quoted in Chandler v. Ward, 188 Ill. 322, 58 N. E. 919—and line of decisions thereunder, which are thereby assumed to set the rule aside in that jurisdiction, we believe to be untenable, and, for the purposes of this inquiry, lay out of view the objection raised that the statute referred to, however interpreted, cannot govern chancery procedure in the federal court. That statute merely provides (section 7) in reference to "suits in chancery and suits to obtain the title to lands," in any court of the state, wherein persons are interested whose names are unknown, that they may be made parties under the "description of unknown owners," and "notices given by publication," and that (section 43) decrees thereupon shall bind such persons as though sued in their proper names; and the cases cited apply such provision to the common forms of trust deed employed in Illinois by way of mortgage security upon real estate for indebtedness to the cestui que trust—generally securing a noteholder, but instances appear of an issue of notes or bonds so secured—and require such cestui que trust parties to be joined thereunder (as "unknown owners" where such fact appears) in suits to foreclose or affect their interest. Vide Clark v. Manning, 95 Ill. 580, and Chandler v. Ward, 188 Ill. 322, 58 N. E. 919. Neither the terms of this statutory provision (which is common in other jurisdictions) nor the line of cases referred to can be held applicable to set aside the above-stated rule that the trustee under such instrument as appears here may represent the bondholders as defendant in foreclosure proceedings; and that no such interpretation is intended by the Supreme Court of Illinois is manifest on reference to the course of parallel decisions in such court upholding the rule that representation by the trustee is sufficient in like cases. Land Co. v. Peck, 112 Ill. 408, 435; Farmers' L. & T. Co. v. Lake St. El. Co., 173 Ill. 438, 457–460, 51 N. E. 55, and citations.

We are of opinion, therefore, that the controversy on the part of these appellees, that they were not represented by the trustee and not bound by the foreclosure decree, is thus brought within the cognizance of the trial court for exclusive determination and final relief

for its settlement in conformity with equity, so that decree thereupon is subject only to review or revision on appeal. The sufficiency of the bill to that end does not rest on the question of power to extend the relief to an injunction (temporary or final) restraining litigation of the controversy by the parties in a state court, as prayed therein, for the reason that cause is well stated for other equitable relief which is plainly within such jurisdiction. That question, however, of injunctional relief is distinctly presented, and is discussed in briefs and oral argument, as not only the chief issue in dispute, but the one on which the trial court dismissed the bill as not cognizable; and remarks in the opinion of this court, in Lewis v. Peck, supra—arising in another phase of the controversy between some of these parties—are cited and seemingly relied upon in support of such ruling. The doctrine upon which that case was decided is inapplicable for solution of the question of authority to enjoin the appellees under this ancillary bill. as the issue of contempt there involved rested on an order entered by the trial court, long after the final decree, enjoining all parties to the decree and persons claiming under them from setting up title as against the purchasers under the foreclosure decree. For alleged violation of such order in thereafter bringing suit in a state court on behalf of certain holders of bonds subject to the foreclosure decree (attempting another foreclosure of their mortgage), the plaintiff in error, an independent counsel for such bondholders, was convicted in the trial court of contempt. On writ of error the judgment thereupon was set aside, as stated in the opinion, solely upon the ground that neither the individual bondholders nor plaintiff in error were actual parties to the decrees by service or appearance—with the bondholders only constructively bound by the decree, through service on the trustee—and for want of jurisdiction in personam, the order referred to was not "operative against the individual bondholders, who were not served," nor against the plaintiff in error. With jurisdiction established under this bill over persons and subject-matter, no such issue arises, and the solution involves only the inquiry of power in the court of primary jurisdiction to extend ancillary relief in such case to restraint of prosecution by the present bondholders of the foreclosure suit brought in a state court; and we believe authority for such injunctional relief is upheld and finally settled by the recent decisions of the Supreme Court in Riverdale Mills v. Manufacturing Co., ante, and Gunter v. Atlantic Coast Line, 200 U. S. 273, 277, 292, 26 Sup. Ct. 252, 50 L. Ed. 477. In the first-mentioned case that issue arose under analogous facts, and the various jurisdictional objections urged in the case at bar are exhaustively considered and overruled in the opinion; and the power of the court to administer such relief, "where it is acting in a matter ancillary to a decree rendered in a cause over which it had jurisdiction," is distinctly reaffirmed in the Gunter Case. In both opinions the terms of section 720, Rev. St. (U. S. Comp. St. 1901, p. 581), are considered and held inapplicable to such relief; and such interpretation is decisive for settlement of any doubt thereof, intimated in the opinion above referred to, in Lewis v. Peck.

The decree appealed from is therefore reversed, and the cause remanded to the Circuit Court, with direction to overrule the several demurrers to the bill and proceed thereunder in accordance with this opinion.