## BLUMENSTOCK BROS. ADVERTISING AGENCY v. CURTIS PUB. CO.

(Circuit Court of Appeals, Seventh Circuit. April 29, 1919.)

No. 2668.

COURTS ⊜403(5)—CIRCUIT COURTS OF APPEALS—APPELLATE JURISDICTION—CASES INVOLVING JURISDICTION OF LOWER COURT.

The Circuit Court of Appeals is without jurisdiction to review an order of a District Court dismissing a cause on the express grounds of want of jurisdiction.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by the Blumenstock Bros. Advertising Agency against the Curtis Publishing Company. Judgment of dismissal, and plaintiff brings error. On motion by defendant to dismiss writ of error. Motion granted.

Colin C. H. Fyffe, of Chicago, Ill., for plaintiff in error.
Amos C. Miller, of Chicago, Ill., for defendant in error.

Before BAKER and EVANS, Circuit Judges, and ENGLISH, District Judge.

BAKER, Circuit Judge. Plaintiff in error, a Missouri corporation, filed its declaration in the District Court for the Northern District of Illinois against defendant in error, a Pennsylvania corporation, purporting to state several causes of action under the Sherman Act and one under the common law. Defendant entered its special appearance and moved to dismiss the action on the ground that defendant was not suable in this district on the common-law count, and that the matter set forth in the other counts was not the kind of matter covered by the Sherman Act, and consequently no jurisdiction over the person of defendant was acquired by service upon an agent within the district.

The District Court ordered "that the service of process be and the same is hereby set aside, and that this cause be and the same is hereby dismissed for want of jurisdiction."

Defendant's motion here that the writ of error be dismissed, on the ground that appellate jurisdiction over the District Court's order is vested exclusively in the Supreme Court by virtue of sections 238 and 128 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1133, 1157 [Comp. St. §§ 1120, 1215]), must be sustained. United States v. Jahn, 155 U. S. 109, 15 Sup. Ct. 39, 39 L. Ed. 87; Marble Co. v. United States, 213 U. S. 10, 29 Sup. Ct. 324, 53 L. Ed. 675; United States v. Congress Construction Co., 222 U. S. 199, 32 Sup. Ct. 44, 56 L. Ed. 163; Male v. Atchison Railway Co., 240 U. S. 97, 36 Sup.

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Ct. 351, 60 L. Ed. 544; Merriam Co. v. Saalfield, 241 U. S. 22, 36 Sup. Ct. 477, 60 L. Ed. 868; Crawford v. McCarthy, 148 Fed. 198, 78 C. C. A. 356.

Plaintiff urges that, because the counts under the Sherman Act in truth state good causes of action, the District Court made an adverse decision on the merits, and therefore the merits are now reviewable in this court. But the order as entered proves beyond question that the District Court declined to consider the merits, because it found that it had no jurisdiction to hear them. If the District Court erred in that respect, we are without jurisdiction to say so; and we are likewise without jurisdiction to consider the merits in advance of a decision on the merits by the District Court.

The writ of error is dismissed.