## RATON WATER WORKS COMPANY *v.* CITY OF RATON.

### CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 348. Argued April 29, 30, 1919.—Decided May 5, 1919.

When diverse citizenship is absent and the jurisdiction of the District Court is based solely upon the ground that the suit arises under the Constitution of the United States, an appeal will not lie to the Circuit Court of Appeals, but only, and exclusively, to this court.

THE case is stated in the opinion.

*Mr. Abram J. Rose,* with whom *Mr. Jesse G. Northcutt* and *Mr. Henry W. Coil* were on the brief, for Raton Water Works Co.

*Mr. John Henry Fry,* with whom *Mr. George L. Nye* was on the brief, for City of Raton.

Memorandum opinion by THE CHIEF JUSTICE.

The certificate states that in a cause pending before it on appeal from the district court, the jurisdiction of

the court below to entertain the cause on appeal was questioned on the ground that the judgment of the district court was exclusively susceptible of being reviewed by direct appeal to this court. The certificate further states that the parties to the cause in the district court were both corporations of New Mexico and the jurisdiction of the district court to entertain the suit was based solely upon the ground that it was one arising under the Constitution of the United States.

Resulting from these conditions the question which the certificate propounds is this: "Has this court [the Circuit Court of Appeals] jurisdiction of the appeal?" The solution of the question is free from difficulty, since whatever at one time may have been the basis for hesitancy concerning the question the necessity for a negative answer is now conclusively manifest as the result of a line of decisions determining that, under the circumstances as stated, the Circuit Court of Appeals was without jurisdiction of the appeal, as the exclusive power to review was vested in this court. Judicial Code, §§ 128, 238; *American Sugar Refining Co.* v. *New Orleans*, 181 U. S. 277–281; *Huguley Manufacturing Co.* v. *Galeton Cotton Mills*, 184 U. S. 290, 295; *Union & Planters' Bank* v. *Memphis*, 189 U. S. 71, 73; *Vicksburg* v. *Vicksburg Waterworks Co.*, 202 U. S. 453, 458; *Carolina Glass Co.* v. *South Carolina*, 240 U. S. 305, 318.

A negative answer to the question propounded is therefore directed.

                              *And it is so ordered.*