SHAPLEY v. COHOON.

(Circuit Court of Appeals, First Circuit. March 18, 1920.)

No. 1437.

COURTS ⊂⟶405(5)—QUESTION OF JURISDICTION ALONE NOT REVIEWABLE BY CIRCUIT COURT OF APPEALS.

A decree of a District Court dismissing proceedings solely on the ground of lack of jurisdiction is not reviewable by the Circuit Court of Appeals, but only by the Supreme Court.

Appeal from the District Court of the United States for the District of Massachusetts; James M. Morton, Jr., Judge.

Habeas corpus by Sarah Chandler Shapley, by her next friend, James A. Keown, against Elisha H. Cohoon. From a decree of dismissal, petitioner appeals. Appeal dismissed.

For opinion below, see 258 Fed. 757.

Before BINGHAM and ANDERSON, Circuit Judges, and ALDRICH, District Judge.

ALDRICH, District Judge. This is a habeas corpus proceeding, and it is seen, at the outset, that our own jurisdiction is in question because the petitioner claims that she has been deprived of her rights under a system of state laws and under state proceedings which offend the federal Constitution.

The case is here on appeal from a decree of the District Court of the United States dismissing the petition.

Looking at the opinion of Judge Morton, it is seen that the dismissal was upon the ground that the grievance should have been presented to the highest state court, before invoking the jurisdiction of the federal courts. Thus the dismissal was solely upon the ground of want of jurisdiction. Presumably Judge Morton meant "the highest court of a state in which a decision in the suit could be had" (Judicial Code, § 237, 36 Stat. 1156, § 237 [Comp. St. § 1214]), yet we need not say that, because, as we have already said, this is a case in which, upon the face of the record, we are at once concerned with the question of our own jurisdiction rather than that of the District Court.

Plainly this court is without jurisdiction to entertain appeals from decrees of District Courts dismissing proceedings solely upon the ground of lack of jurisdiction. 36 Stat. 1157, § 238 (section 1215).

Since the decision of this court in Welding Co. v. Manufacturing Co., 249 Fed. 968, 162 C. C. A. 166, there is small occasion for saying anything further upon the subject. Yet it is useful to note that the same conclusion was subsequently reached by the Circuit Court of Appeals for the Seventh Circuit (Blumenstock Bros. Advertising Agency v. Curtis Pub. Co., 258 Fed. 927, —— C. C. A. ——) and by the Circuit Court of Appeals for the Seventh Circuit, acting upon its own motion (Chamberlin v. Q. & C. Co., 260 Fed. 933,

⊂⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

—— C. C. A. ——), and that the proposition that jurisdiction to review in such cases is not with Circuit Courts of Appeals, but exclusively with the Supreme Court of the United States, has recently been clearly, imperatively, and finally established by that court (Raton Waterworks Co. v. City of Raton, 249 U. S. 552, 39 Sup. Ct. 384, 63 L. Ed. 768).

Being without jurisdiction, we are without right to entertain the motion of the appellee to amend, made for the first time in this court, or to consider the question thereby sought to be raised, namely, whether habeas corpus is operative where there is voluntary escape, from positive restraint, subsequent to petition.

In view of the urgent insistence of the petitioner before us, it is perhaps permissible to say that the axiomatic rule that courts should at once dismiss proceedings from their control whenever and however want of jurisdiction is seen, whether upon motion, or upon their own discovery, and at whatever stage of the proceedings the discovery may be made, is quite as imperative as the other well-understood rule that requires courts to be jealous and alert in holding and protecting their proper jurisdiction.

Holding a case after discovery of want of jurisdiction would be delaying and obstructing justice, not administering it. Any attempt to deal with this case here would involve a violation of a plain fundamental rule—a flagrant usurpation which would delay ultimate decision in respect to the petitioner's rights—a usurpation which would entail grievous wrongs and consequences upon both parties, and more particularly upon the petitioner, if she has a case of merit.

Appeal dismissed.