### BIANCHI et al. v. MORALES et al.

(Circuit Court of Appeals, First Circuit. March 15, 1923.)

No. 1612.

Corporations ☞527½, New, vol. 17A Key-No. Series—Appeal erroneously taken transferable to proper appellate court.

Under Judicial Code, § 238 (Comp. St. § 1215), jurisdiction of an appeal from a decree dismissing a suit on the sole ground of want of jurisdiction is vested exclusively in the Supreme Court, but where erroneously taken to the Circuit Court of Appeals, it will be transferred to the Supreme Court, under section 238a, as added by Act Sept. 14, 1922.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the District of Porto Rico; Arthur F. Odlin, Judge.

Suit in equity by Francisco Bianchi and others against Manuel Mendia Morales and others. From a decree of dismissal, complainants appeal. Appeal transferred to Supreme Court.

Geo. W. Study and Bouvier, Caffey & Beale, all of New York City, for appellants.

J. Henri Brown, of San Juan, Porto Rico, and Carroll G. Walter, of New York City, for appellees.

Before BINGHAM and JOHNSON, Circuit Judges, and MORTON, District Judge.

BINGHAM, Circuit Judge. This is an appeal from a final decree of the United States District Court of Porto Rico dismissing a bill in equity solely on the ground of want of jurisdiction. Such being the situation, this court is without jurisdiction to entertain the appeal, as appellate jurisdiction in such case is vested in the Supreme Court alone by the provisions of section 238 of the Judicial Code (Comp. St. § 1215). American Electric Welding Co. v. Lalance & Grosjean Mfg. Co., 249 Fed. 968, 162 C. C. A. 166; Shapley v. Cohoon (C. C. A.) 263 Fed. 893; Blumenstock Bros. Advertising Agency v. Curtis Publishing Co., 258 Fed. 927, 170 C. C. A. 123; Raton Waterworks Co. v. City of Raton, 249 U. S. 552, 39 Sup. Ct. 384, 63 L. Ed. 768, and cases there cited.

Under these circumstances, prior to the Act of Congress approved September 14, 1922, the only course open for this court to pursue was to dismiss the appeal. But on that day Congress amended the Judicial Code by adding thereto a new section to be known as section 238a, 42 Stat. 837, reading as follows:

"If an appeal or writ of error has been or shall be taken to, or issued out of, any Circuit Court of Appeals in a case wherein such appeal or writ of error should have been taken to or issued out of the Supreme Court; or if an appeal or writ of error has been or shall be taken to, or issued out of, the Supreme Court in a case wherein such appeal or writ of error should have been taken to, or issued out of, a Circuit Court of Appeals, such appeal or writ of error shall not for such reason be dismissed, but shall be transferred to the proper court, which shall thereupon be possessed of the same and shall proceed to the determination thereof, with the same force and effect as if such appeal or writ of error had been duly taken to, or issued out of, the court to which it is so transferred."

This appeal was seasonably taken, whether it should have been to this court or to the Supreme Court, as the decree was entered January 5, 1923, and the appeal taken on the following day. The appeal, therefore, is not dismissed, but transferred to the Supreme Court, the appellants paying the costs. See Heitler v. United States, 43 Sup. Ct. 185, 67 L. Ed. ——, decided by tthe Supreme Court January 2, 1923.

And it is so ordered.