## CHIN WEY v. WIXON.

(Circuit Court of Appeals, First Circuit. February 17, 1925.)

No. 1723.

Courts ⟨⇒⟩405(5)—Judgment of District Court, dismissing petition for writ of habeas corpus for want of jurisdiction, not reviewable by Circuit Court of Appeals.

Where a District Court, after considering and determining the jurisdictional facts alleged, dismissed a petition for writ of habeas corpus by a Chinese person claiming entry to the United States as the son of a native-born citizen, solely for want of jurisdiction, an appeal lies only to the Supreme Court, under Judicial Code, § 238 (Comp. St. § 1215).

Appeal from the District Court of the United States for the District of Massachusetts; James M. Morton, Judge.

Petition by Chin Wey against Irving F. Wixon, Acting Commissioner of Immigration. Judgment dismissing petition, and petitioner appeals. Case transferred to Supreme Court.

Warren Ozro Kyle, of Boston, Mass., for appellant.

Robert O. Harris, U. S. Atty., and John W. Schenck, Asst. U. S. Atty., both of Boston, Mass., for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an appeal from a final decree of the federal District Court for Massachusetts, dismissing a habeas corpus petition and discharging the writ, solely on grounds going to the jurisdiction of that court. As to those grounds, it was found that the Department of Labor did not act unreasonably or arbitrarily in considering the evidence before it, or with reference to the telegraphic request of Mr. Kyle to reopen the case, and that the procedure prescribed by the department regulations, which were followed at the hearing before the department, accorded the petitioner due process of law, and were essentially fair.

As the petitioner was an applicant for admission to the country, on the ground that he was a foreign-born son of a native-born citizen, and therefore a citizen of the United States, and entitled to admission, the finding of the Department of Labor against his citizenship was conclusive (United States v. Ju Toy, 198 U. S. 253, 25 S. Ct. 644, 49 L. Ed. 1040), and the District Court had no power or authority to interfere, unless there was either a denial of a fair hearing (Chin Yow v. United States, 208 U. S. 8, 28 S. Ct. 201,

52 L. Ed. 369), or the finding was not supported by evidence (American School of Magnetic Healing v. McAnnulty, 187 U. S. 94, 23 S. Ct. 33, 47 L. Ed. 90), or there was an application of an erroneous rule of law (Gegiow v. Uhl, 239 U. S. 3, 36 S. Ct. 2, 60 L. Ed. 114; Ng Fung Ho v. White, 259 U. S. 276, 284, 42 S. Ct. 492, 66 L. Ed. 938). And as all the grounds presented on which it was claimed that the court might take jurisdiction were found against the petitioner, and the court declined to try the case on its merits, this court is without jurisdiction to entertain the appeal, as appellate jurisdiction in such case is vested in the Supreme Court alone by the provisions of section 238 of the Judicial Code (Comp. St. § 1215). American Electric Welding Co. v. Lalanace & Grosjean Mfg. Co., 249 F. 968, 162 C. C. A. 166; Shapley v. Cohoon (C. C. A.) 263 F. 893; Blumenstock Bros. Advertising Agency v. Curtis Publishing Co., 258 F. 927, 170 C. C. A. 123; Raton Waterworks Co. v. City of Raton, 249 U. S. 552, 39 S. Ct. 384, 63 L. Ed. 768.

Had the District Court taken jurisdiction and proceeded to determine the merits, sustaining the petitioner's claim of citizenship, the respondent would have been entitled to bring the entire case to this court. Tang Tun v. Edsell, 223 U. S. 673, 682, 32 S. Ct. 359, 56 L. Ed. 606, and cases there cited. But the District Court declined to take jurisdiction and to pass upon the merits, and, such being the case, the appeal should have been taken to the Supreme Court. Chin Yow v. United States, 208 U. S. 8, 11, 28 S. Ct. 201, 52 L. Ed. 369.

In the latter case, the appeal was taken from the District Court directly to the Supreme Court, the petition for writ of habeas corpus having been dismissed for want of jurisdiction, without the District Court having considered or passed upon the facts alleged as the basis of its jurisdiction. These allegations of fact were that the petitioner was arbitrarily denied a fair hearing and a proper opportunity to prove his right to enter the country. The Supreme Court held that the first issue to be tried in the District Court on the granting of the writ was "the truth of the allegations last mentioned"; that "if the petitioner was not denied a fair opportunity to produce the evidence that he desired, or of a fair though summary hearing, the case can proceed no farther"; that "those facts are the foundation of the jurisdiction of the District Court, if it has any jurisdiction at all." The case was sent back to the District Court to pass upon the jurisdictional facts, stating that "the merits of the case are not open" unless and until "it is proved to the satisfaction of the judge that a hearing, properly so called, was denied."

The appeal was seasonably taken, whether it should have been to this court or to the Supreme Court, for the decree was entered May 14, 1923, and the appeal was taken forthwith, and pursuant to the Act of September 14, 1922, amending the Judicial Code by adding thereto section 238a (42 Stat. 837 [Comp. St. Ann. Supp. 1923, § 1215a]), the case is transferred to the Supreme Court; the appellants paying the costs. Bianchi v. Morales (C. C. A.) 288 F. 194.

And it is so ordered.