# KENDALL v. AMERICAN AUTOMATIC LOOM COMPANY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 541. Submitted April 24, 1905—Decided May 29, 1905.

This court can review by appeal under § 5 of the act of March 3, 1891, the judgment of the Circuit Court dismissing the bill on the sole ground that it never acquired jurisdiction over the defendant, a foreign corporation, for lack of proper service of process. *Board of Trade* v. *Hammond Elevator Co., ante,* p. 424.

Where the foreign corporation was doing no business and had no assets in the State, service upon a former officer residing therein, *held*, insufficient under the circumstances of this case.

THIS suit was brought against the defendant, appellee, for the purpose of obtaining a discovery of all the matters referred to in the bill of complaint, and to have a receiver appointed of the assets of the company within the State of New York, and for an accounting by the directors of the defendant, and for other relief.

The bill alleged that the plaintiff, at the time of filing his bill, was a citizen of the United States and of the State, county and city of New York; that the defendant was a stock corporation, organized in March, 1898, and existing under the laws of the State of West Virginia, and was incorporated to engage in the business of manufacturing and selling looms and weaving machinery, and that by its charter its principal office and place of business was in the city, county and State of New York. The bill of complaint, together with a writ of subpœna requiring the defendant to answer the bill, were served in the city of New York upon a person who had been the treasurer of the defendant corporation. Within the proper time the defendant appeared specially, for the sole purpose of questioning the jurisdiction of the court and of moving to set aside the attempted service.

The motion was founded upon the affidavit of Joseph H. Emery, in which he averred, among other matters, that the service of the subpœna had been made upon him in the city of New York, because (as he believed) he had been the treasurer of the defendant corporation; that the domicil and residence of the defendant were in the State of West Virginia; the purpose of its incorporation was the development of a self-feeding loom attachment, which gives to the ordinary loom a continuous supply of filling thread. It was further stated in the affidavit that the corporation was the owner of divers patents, but it had never manufactured merchandise. It had never made a sale, and it had never engaged in the transaction

of the business for which it was incorporated.   It had no business or assets in the State of New York, and had no office or place of business there, and those of its officers who resided in that State were not there officially, or as representing any business or interest of the corporation.   After the formation of the corporation, and between the years 1898 and 1901, the meetings of the directors of the company were held at different places in the city of New York where accommodations could be secured, sometimes at the office of the counsel of the company in New York and sometimes at a hotel; but since August 10, 1901, there had been no meeting, either of the stockholders or of the directors, and on the last-mentioned date the stockholders were notified that the company had no funds with which to pay the franchise taxes which were due to the State of West Virginia, and affiant averred that no funds had since been provided for that purpose; that since that date the company had transacted no business, had maintained no office in the State of New York, and that an action had been commenced by the State of West Virginia against it to terminate and forfeit its corporate franchise. The sole assets of the company consisted of two automatic looms and tools and machinery employed in the making thereof and its patents. The looms, with machinery and tools, were in Attleboro, Massachusetts.   The letters patent were also in the possession of a Mr. Mossberg, in Attleboro, Massachusetts, who had made divers attempts to improve the looms.   The company had no bank account, no office force, and no employés.   It had never reached the stage of the active transaction of business, and such assets as it possessed were beyond the jurisdiction of the court. No one had been elected treasurer in place of Mr. Emery, so far as the record shows, and he was the treasurer of the company when service was made upon him.

An affidavit in opposition was filed by the complainant, but the facts above set forth were substantially undenied. The Circuit Court, upon the hearing, granted the motion of the defendant to set aside and declare null and void the attempted

service on the corporation of the bill of complaint and writ of
subpœna by the service thereof upon Joseph H. Emery, on or
about the thirteenth day of December, 1904. The complain-
ant has appealed directly to this court from the order of the
Circuit Court setting aside the service of the subpœna.

*Mr. Noah C. Rogers* for appellant:

The defendant is subject to the jurisdiction of the New
York court by the provision in its articles of incorporation fix-
ing its principal place of business there. *People* v. *Geneva Col-
lege*, 5 Wendell (N. Y.), 211; *Attorney General* v. *Oakland Co.
Bank*, 1 Walker C. L. (Mich.) 90, 97.

Having made it one of the conditions of its creation that
its principal place of business should be in the city, county
and State of New York, it will not be heard now to deny this
jurisdiction. The defendant has not amended its charter,
revoked the agency of its treasurer or withdrawn its place of
business to another jurisdiction. *Canada Southern R. Co.* v.
*Gebhard*, 109 U. S. 527, 537.

The service of the writ of subpœna on the defendant's
treasurer was sufficient to give the court jurisdiction. *Am.
Locomotive Co.* v. *Dickson Co.*, 117 Fed. Rep. 972; *McCord
Lumber Co.* v. *Doyle*, 97 Fed. Rep. 22; *Conn. Mut. Life Ins.
Co.* v. *Spratley*, 172 U. S. 602; *Merchants' Mfg. Co.* v. *Grand
Trunk Ry. Co.*, 13 Fed. Rep. 358.

*Mr. Benjamin N. Cardozo* for appellee:

The defendant has no domicil or abode in the State of New
York; it is not engaged in business in that State; and the ser-
vice of the subpœna on its treasurer was ineffective to bring it
into court. *Conley* v. *Mathieson Alkali Works*, 190 U. S. 406 ;
*Goldey* v. *Morning News*, 156 U. S. 518; *Construction Co.* v.
*Fitzgerald*, 137 U. S. 106; *Geer* v. *Mathieson Alkali Works*, 190
U. S. 429; *Caledonian Coal Co.* v. *Baker*, 196 U. S. 444; *Sharkey*
v. *Indiana &c. Ry. Co.*, 186 U. S. 479; *Wabash Ry. Co.* v. *Brow*,
164 U. S. 271; *In re Keasbey*, 160 U. S. 221; *St. Clair* v. *Cox*

106 U. S. 350; *Stock Exchange* v. *Board of Trade*, 125 Fed. Rep. 463; *Martin* v. *Asphalt Co.*, 130 Fed. Rep. 394; *McGillin* v. *Claflin*, 52 Fed. Rep. 657; *Good Hope Co.* v. *Fencing Co.*, 22 Fed. Rep. 635.

The cases which attribute controlling force to the designation of the place of business, as contained in the certificate of incorporation, have relation only to the question of the *situs* of the corporation within the State of its origin. They have no bearing upon its *situs* without that State. *Western Transportation Co.* v. *Scheu*, 19 N. Y. 408; *Galveston R. R.* v. *Gonzales*, 151 U. S. 496.

The question in issue is not a question of the jurisdiction of the court below within the meaning of section 5 of the act of March 3, 1891, and an appeal directly from the Circuit Court cannot be sustained. *Courtney* v. *Pradt*, 196 U. S. 89; *Bache* v. *Hunt*, 193 U. S. 523; *Louisville Trust Co.* v. *Knott*, 191 U. S. 225, 232; *Blythe* v. *Hinckley*, 173 U. S. 501; *Mex. Cent. Ry. Co.* v. *Eckman*, 187 U. S. 429.

The question that the Circuit Court decided is not one as to the jurisdiction of the Federal judiciary. That the suit is cognizable in the Circuit Court of the United States for the Southern District of New York has neither been disputed by the appellee nor denied by the court below. The complainant is a citizen of the State of New York, and a resident of the Southern District of New York; the defendant is a citizen of the State of West Virginia. *Shaw* v. *Quincy Mining Co.*, 145 U. S. 444. Indisputably, therefore, there exists that diversity of citizenship which confers jurisdiction of the cause on the Federal courts. The trouble is that the defendant has not been served with process. An attempt has been made to bring it into court by service of the subpœna on an agent, and the sole question is whether that service was effective. In passing on that question, the court has been governed, not by any consideration peculiar to the jurisdiction of the Circuit Courts, but by considerations of general jurisprudence, applicable, as this court has declared, to all tribunals.

The Circuit Court has certified no question for review. It has not disputed its jurisdiction of the subject matter of the cause. It has not suggested that the parties, if properly brought before it, are beyond its competence, or are rendered immune from prosecution in the Circuit Courts. It has merely held that the defendant has not yet been served with process. That is not a question of jurisdiction within the meaning of the statute.

The order should be affirmed or the appeal dismissed.

MR. JUSTICE PECKHAM, after making the foregoing statement, delivered the opinion of the court.

It is objected, in the first place, by the appellee that the appellant had no statutory right to appeal directly to this court from the order setting aside the service of the subpœna. It is asserted that the case does not involve the jurisdiction of the court below within the meaning of section 5 of the act of March 3, 1891, inasmuch as the jurisdiction of the Circuit Court as a Federal court is not questioned, the jurisdiction being denied upon grounds alike applicable to any other judicial tribunal, state or Federal, under the same circumstances. This case is, however, on that point governed by that of *Board of Trade* v. *Hammond Elevator Co.*, decided this day (*ante* p. 424), where it is held that the order is reviewable by this court under the section above mentioned.

Regarding the case as properly here, the question is whether the service made upon the treasurer of the appellee corporation was a valid service upon the corporation itself. We think it was not. It is perfectly apparent that the corporation was, at the time of the service on the treasurer, doing no business whatever within the State of New York, and that it had never done any business there since it was incorporated in the State of West Virginia. While we have lately held that, in the case of a foreign corporation, the service upon a resident director of the State where the service was made was a good service

where that corporation was doing business within that State, *Pennsylvania Lumbermen's &c. Co.* v. *Meyer,* 197 U. S. 407, yet such service is insufficient for a court to acquire jurisdiction over the corporation where the company was not doing any business in the State, and was situated like this company at the time of the service upon the treasurer. *Conley* v. *Mathieson Alkali Works,* 190 U. S. 406.

The order of the Circuit Court was right, and is

*Affirmed.*