DAVIS v. CLEVELAND, C., C. & ST. L. RY. CO. et al.

(Circuit Court of Appeals, Eighth Circuit. October 19, 1907.)

No. 2,504.

COURTS—CIRCUIT COURTS OF APPEALS—JURISDICTION.

Where the power of a Circuit Court of the United States to proceed to the trial of an action against a nonresident defendant depends on whether there has been a general appearance by defendant, or, if not, upon the validity of attachments and garnishments of property within the district,

both such questions are jurisdictional, and a decision of the court determining them in favor of the defendant and dismissing the action for want of jurisdiction is reviewable only by the Supreme Court under sections 5 and 6 of the Circuit Court of Appeals act of March 3, 1891 (26 Stat. 827, 828, c. 517 [U. S. Comp. St. 1901, pp. 549, 550]).

[Ed. Note.—Jurisdiction of circuit court of appeals in general, see notes to Law Ow Bew v. United States, 1 C. C. A. 6; United States Freehold Land & Emigration Co. v. Gallegos, 32 C. C. A. 475.]

In Error to the Circuit Court of the United States for the Northern District of Iowa.

For opinion below, see 146 Fed. 403.

Wilbur Owen and Thomas F. Bevington, for the plaintiff in error.
W. H. Farnsworth (Deloss C. Shull and J. U. Sammis, on the brief), for the defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

HOOK, Circuit Judge. Charles A. Davis, as executor, sued the Cleveland, Cincinnati, Chicago & St. Louis Railway Company in a state court of Iowa upon a cause of action for the death of his testate which occurred in Illinois. The defendant railway company was organized under the laws of Indiana and Ohio, and owned and operated lines of railroad in those states and in Illinois, but it had no lines of road and no agents or agencies in Iowa where the action was brought. So, to obtain jurisdiction, the plaintiff caused an original notice of the commencement of the action containing also an admonition to answer by a specified date to be served on the secretary of defendant at its general offices in Cincinnati, Ohio, and also caused writs of attachment and garnishment to be issued directed for service to sheriffs of counties in Iowa. The writs of garnishment were served upon certain railroad companies doing business in Iowa and having traffic relations with the defendant, and some freight cars of the defendant in the possession of the garnishees were also attached. Notice of the attachments and garnishments was served on defendant in Ohio. The defendant removed the cause to the Circuit Court of the United States for the Northern District of Iowa, and thereupon filed in that court its motion, in which it said that it appeared specially for the purpose of objecting to the jurisdiction of the court over its person and its property, and it moved to quash and set aside the service of the writs of attachment and garnishment. The plaintiff filed a resistance to the motion. Upon hearing the Circuit Court held that defendant's appearance was not a general one, and therefore it had not submitted itself to the jurisdiction of the court; that the service of the notices in Ohio did not confer jurisdiction of the person; that the cars attached in Iowa were temporarily there having been brought by the garnishees into that state from points without; and that, when brought within the state and when attached, they were employed in interstate commerce and in the fulfillment of duties in respect of such commerce imposed on defendant and the garnishees, its connecting carriers, by the laws of the United States; that the credits of defendant in the hands of the garnishees were shifting traffic balances ascertainable and payable at Chicago, Ill., and a part of

and inseparably connected with the commerce mentioned; that the cars were not attachable and the credits not subject to garnishment, and therefore the court had not lawfully secured jurisdiction of any property of defendant. The motion to quash was sustained, and the action was dismissed without prejudice. The plaintiff sued out a writ of error from this court.

It is not claimed by plaintiff that service of the notices in Ohio was effectual to confer jurisdiction over the person of defendant. These are the questions: Was defendant's appearance to contest the validity of the attachments and garnishments a general one? Were the cars and credits of defendant subject to attachment and garnishment? In other words, did the trial court secure such dominion over person or property by appearance or process as authorized it to proceed to trial of the action and render a valid judgment upon the issues involved? The trial court answered them in the negative and dismissed the action for want of jurisdiction. In respect of the essential character of these questions, they are not distinguishable from one of the legality of the service of summons upon a defendant. They do not pertain to the merits of the case, and did not arise during the progress of a trial. They lay at the threshold, and upon an affirmative answer depended the power of the court to hear and decide the cause. In legal phraseology that power is termed "jurisdiction." It is none the less a jurisdictional matter in the case of attachment and garnishment of property of a nonresident because the power of the court to proceed to trial depends in the absence of the defendant upon its lawful seizure of his property. The question of jurisdiction was decided in favor of defendant and the decision disposed of the case. Under the Court of Appeals act of 1891 (Act March 3, 1891, c. 517, §§ 5, 6, 26 Stat. 827, 828 [U. S. Comp. St. 1901, pp. 549, 550]) the Supreme Court alone has power to review such a decision. Board of Trade v. Hammond Elevator Co., 198 U. S. 424, 25 Sup. Ct. 740, 49 L. Ed. 1111; United States v. Jahn, 155 U. S. 109, 15 Sup. Ct. 39, 39 L. Ed. 87; St. Louis Cotton Compress Co. v. American Cotton Co., 125 Fed. 196, 60 C. C. A. 80.

The writ of error is dismissed.