# HERNDON–CARTER COMPANY *v.* JAMES N. NORRIS, SON & COMPANY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF KENTUCKY.

No. 923. Submitted April 1, 1912.—Decided April 29, 1912.

Where jurisdiction of the Circuit Court involves only the questions of fact whether the defendant corporation was doing business within the jurisdiction and the person served was its agent, those questions can be brought by direct appeal to this court under § 5 of the Circuit Court of Appeals Act of 1891.

The decree of dismissal can take the place of a certificate if the record is in such form as to show that the case was dismissed for want of jurisdiction, and for that reason only. *Excelsior Water Power Co.* v. *Pacific Bridge Co.*, 185 U. S. 282.

While the jurisdictional certificate must be issued during the term at which the question is decided, if the certificate is supplied by a decree in due form showing all that is required by the certificate, the appeal may be perfected within two years, as are other appeals. *Excelsior Water Power Co.* v. *Pacific Bridge Co.*, 185 U. S. 282.

In this case the record shows that there was but one final order or decree which at the same time quashed the service of the summons and dismissed the case for want of jurisdiction; and an appeal from such a decree brings to this court the question of jurisdiction.

A foreign corporation in order to be subject to the jurisdiction of a court must be doing business within the State of the court's jurisdiction, and the service must be made there upon some duly authorized officer or agent.

In this case, as it appears from the evidence in the record that the defendant corporation was doing business within the State and that the person served was its agent at the time of service, the Circuit Court had jurisdiction.

THE facts, which involve the jurisdiction of the Circuit Court of the Western District of Kentucky over the person of the defendant by reason of service on defendant's agent and whether defendant was doing business in that District, are stated in the opinion.

*Mr. Helm Bruce* for appellant.

*Mr. John H. Chandler* and *Mr. William B. Fleming* for appellees.

MR. JUSTICE DAY delivered the opinion of the court.

In this case a suit was brought by the Herndon-Carter Company, a corporation of the State of Kentucky, against James N. Norris, Son & Company, a corporation of the State of New York. The bill of complaint sought an accounting and settlement of transactions between the parties growing out of shipments of poultry from the Kentucky corporation to the New York corporation, sold by the latter on commission. A subpœna was issued and served on March 10, 1911, upon James N. Norris, Son & Company by delivering a copy to W. J. Adams, as manager and chief agent, and the highest officer of the company in the district. The defendant company entered a special appearance, and filed an objection and plea to the jurisdiction, setting up that it was a corporation of the State of New York; that since December, 1904, it had not had any place of business in the State of Kentucky, and had not conducted any business in that State; that since that time it had had no agent in the State of Kentucky; and that W. J. Adams was not at the time of the service of the writ the manager and officer or agent of the defendant. The defendant averred further that for a little more than two years before the first of January, 1905, Adams was employed by it and acted as its agent in Kentucky in the purchase and shipment of poultry and produce, but that at the end of the year 1904 he severed his connection with defendant and ceased to be its agent for any purpose whatever; that on January 1, 1905, Adams, James N. Norris and William H. Norris formed a partnership, in which Adams had an one-half interest and James N.

Norris and William H. Norris each an one-quarter interest, and that since the first of January, 1905, the partnership had conducted the business of buyers and shippers of poultry, butter and eggs in Louisville and other parts of Kentucky.

Upon testimony, to be hereinafter referred to, the Circuit Court heard the parties upon the issues made by the plea to the jurisdiction and replication thereto, and concluded that Adams was not the agent at the time of the attempted service upon him as such, and that James N. Norris, Son & Company was not then doing business in the State of Kentucky.

The case is brought directly here under § 5 of the Circuit Court of Appeals Act of March 3, 1891 (26 Stat. 826, c. 517). It is evident from a statement of the question made that it only involves issues of fact as to whether the defendant company was doing business in Kentucky, and whether Adams was its agent at the time of the attempted service. It is well settled that a question of this character may be brought to this court by direct appeal under the Circuit Court of Appeals Act. *Remington* v. *Central Pacific R. R. Co.*, 198 U. S. 95; *Commercial Mutual Accident Co.* v. *Davis*, 213 U. S. 245, 256; *Mechanical Appliance Co.* v. *Castleman*, 215 U. S. 437.

The appellee objects that the statutory requirement that the question of jurisdiction only shall be certified to this court was not complied with, and therefore the case should be dismissed. The record, however, discloses that the case was dismissed for the want of jurisdiction, and for that reason only. Where the decree of dismissal is in such form it is sufficient to take the place of a certificate within the requirements of the act. *Excelsior W. P. Co.* v. *Pacific Bridge Co.*, 185 U. S. 282.

It is further objected that, if the decree could be held to take the place of a certificate, the present appeal was not taken at the term during which the case was decided and

the decree of dismissal entered.   The record shows that an appeal was taken to the Circuit Court of Appeals from the decree of dismissal entered at the March term, 1911, of the Circuit Court.   It was there dismissed, and at the October term, 1911, another appeal was allowed from the Circuit Court directly to this court.   This court has held that the jurisdictional certificate must be issued during the term at which the question is decided.   *Colvin* v. *Jacksonville*, 158 U. S. 456; *The Bayonne*, 159 U. S. 687. It has also been held that the certificate being supplied by a decree in due form, showing dismissal for want of jurisdiction only, the appeal may be perfected subsequently, within two years, as are other appeals.   *Excelsior W. P. Co.* v. *Pacific Bridge Co.*, *supra.*

The appellee further contends that the record shows two decrees or orders—an order quashing the service of summons and separately a decree of dismissal for want of jurisdiction—and this is said to be shown because the opinion of the court, sent up with the record, states the decision upon the question of quashing service of summons to have been first made.   An inspection of the record shows but one final order or decree, which at the same time quashes the service of summons and dismisses the case for want of jurisdiction, and that is the decree appealed from and which brings to this court the question of jurisdiction of the defendant.

It has frequently been held in this court that a foreign corporation, in order to be subject to the jurisdiction of a court, must be doing business within the State of the court's jurisdiction, and service must there be made upon some duly authorized officer or agent.   *St. Clair* v. *Cox*, 106 U. S. 350; *Goldey* v. *Morning News*, 156 U. S. 518; *Peterson* v. *Chicago, Rock Island & Pac. Ry.*, 205 U. S. 364. We are therefore brought to review the correctness of the decision of the Circuit Court, holding that James N. Norris, Son & Company was not doing business in the

State of Kentucky, and that Adams was not its agent at the time of the attempted service.

The substance of the plea to the jurisdiction, already indicated, is that, while Adams had previously been the agent of the defendant, he ceased to be such on the first of January, 1905, when the copartnership was formed between James N. Norris and William H. Norris, officers of the defendant company, and Adams, and that thereafter he ceased to represent the corporation in Kentucky, and it ceased to do business in that State. To support this plea the defendant offered the affidavits of James N. Norris and William H. Norris to the effect that after January 1, 1905, the corporation did no business in Kentucky, and that the partnership then formed thereafter carried on the business in that State under the name of James N. Norris, Son & Company. The testimony of the bookkeeper was taken. She testified that she had been in the employ of James N. Norris, Son & Company for some time prior to January 1, 1905, and that at that date a change was made owing to the formation of the partnership. She further testified that the profits were divided on the books but no settlements were made while she was with the firm; that she drew no checks for the distribution of the profits, and that there was no such distribution while she was with the firm, which was until December, 1908; that the books did not show the individual accounts of the various members of the firm; that Mr. Adams had an individual account, but she, the bookkeeper, did not keep it, Mr. Adams keeping it himself; that Mr. Adams was paid a salary, and that statements were sent to New York giving the condition of the business. Mr. Adams was called as a witness and testified that he worked for the New York corporation prior to January 1, 1905, when the partnership was formed, and that since that time he had no connection with the New York company in any way, and was not on the ninth of

March, 1911, its agent. Upon cross-examination he testified that after January 1, 1905, and until the date of his examination as a witness, his relations to the house of James N. Norris, Son & Company had been the same, and that his relations to the New York corporation had not changed in any way since February, 1905.

To meet this testimony the complainant offered testimony tending to show that James N. Norris, Son & Company was sued in the Jefferson Circuit Court of Kentucky as a corporation of the State of New Jersey. The corporation appeared and answered that it was organized under the laws of New York, admitted that it executed and delivered a certain letter attached to plaintiff's petition and marked "Exhibit A," dated June 25, 1907, the letter being written from Louisville, Kentucky, signed James N. Norris, Son & Company, by W. J. Adams, Manager. In that action an affidavit for a continuance was filed on April 17, 1908, in which Adams deposed that the defendant, James N. Norris, Son & Company, was a corporation of New York and that deponent was the manager of its Louisville office. On April 23, 1908, an amended answer was filed, which Adams verified, making oath that he was the local manager of James N. Norris, Son & Company. In the course of the action defendant took and filed a deposition in which the witness testified that he was the manager of James N. Norris, Son & Company at Bryan, Ohio; that in 1907 he lived in Louisville, Kentucky, and that Adams was then the manager of the Louisville district.

In another suit against James N. Norris, Son & Company, Inc., an answer was filed by W. J. Adams on December 12, 1905, and in verifying which Adams made oath that he was then and at the times mentioned in the answer had been the agent of the defendant in Kentucky and had sole charge of its business in Jefferson County.

In an action brought by the corporation in a magis-

trate's court in Kentucky certain dray tickets on a printed form were introduced in evidence, which showed them to be the tickets of James N. Norris, Son & Company, 135 E. Jefferson Street, Louisville, Kentucky, and that J. N. Norris was President; W. H. Norris, Vice-President and Treasurer, and W. J. Adams, Manager, the tickets being dated November 20, 1908, and January 1 and 4, 1909.

Letters were introduced in evidence in which the defendant company referred the plaintiff company to Mr. Adams for a settlement of differences. On July 7, 1909, the defendant company wrote to the plaintiff company as follows:

"The Herndon-Carter Company, Louisville, Ky.

GENTLEMEN: I am just in receipt of your several letters in which you call attention to the unpleasantness you are having with our house in Louisville.

Now, I would like to make myself plain in this matter. As I have always stated to you and every one else, there is never any good in fighting, but, on the contrary, lots of money lost and harm done. Our Mr. Adams, who runs our house in Louisville, has a certain interest in the profits, and it would be pretty hard for me to say that he shouldn't do this or that, which, in his judgment, curtails his profits."

Examining and considering the evidence tending to show that Adams, after the formation of the alleged partnership on January 1, 1905, continued to represent the defendant company in Louisville, we are forced to the conclusion that the decided preponderance of the evidence supports the complainant's contention that Adams was the authorized managing agent of the defendant company in Kentucky and doing business for it in that State.

The learned judge of the Circuit Court reached the contrary conclusion, and his opinion is justly entitled to great weight, but it seems to proceed upon the theory that the testimony did not show the continuance of the

agency down to March 10, 1911, the time of the service of the subpœna. We think the testimony clearly shows that the relation of Adams to the defendant company was the same at that time as it had been when the various transactions, to which we have referred, were taking place in the years 1905 and the following. There could hardly be stronger testimony than the defendant's own letter of July 7, 1909, in which it is distinctly stated that "Mr. Adams, who runs our house in Louisville, has a certain interest in the profits," etc.

Reaching this conclusion, we are constrained to hold that the court below erred in quashing the return to the subpœna and in dismissing the case, and therefore the judgment must be reversed and the case remanded, with directions to overrule the order quashing the return and to set aside the decree denying the jurisdiction of the court.

*Reversed.*