AMERICAN ELECTRIC WELDING CO. et al. v. LALANCE & GROSJEAN MFG. CO.

(Circuit Court of Appeals, First Circuit. March 18, 1918.)

No. 1315.

COURTS ⬥⟞405(5)—SUPREME COURT—JURISDICTION.

Where a bill for infringement of a patent, brought under Judicial Code (Act March 3, 1911, c. 231) § 48, 36 Stat. 1100 (Comp. St. 1916, § 1030), was dismissed, and a preliminary injunction denied, on the ground that the defendant was not an inhabitant and had no regular and established place of business in the district wherein the suit was brought, the Circuit Court of Appeals is, under section 128 (section 1120), without jurisdiction of an appeal from the order of dismissal, and, the question being one primarily involving jurisdiction, the appeal must, under section 238 (section 1215), be taken to the Supreme Court.

Appeal from the District Court of the United States for the District of Massachusetts; Frederic Dodge, Judge.

Bill by the Electric Welding Company and another against Lalance & Grosjean Manufacturing Company. A preliminary injunction was denied, and the bill was dismissed for want of jurisdiction, and plaintiffs appeal. Appeal dismissed.

Alan D. Kenyon, of New York City (J. Lewis Stackpole and Van Courtlandt Lawrence, both of Boston, Mass., on the brief), for appellants.

Charles F. Choate, Jr., of Boston, Mass. (E. Henry Lacombe, of New York City, and Donald Mackenzie, of Flushing, N. Y., on the brief), for appellee.

Before BINGHAM and JOHNSON, Circuit Judges, and AL-DRICH, District Judge.

BINGHAM, Circuit Judge. This is a bill in equity for the infringement of a patent, brought by the American Electric Welding Company, a New York corporation, and the Thomson Spot Welder Company, a Massachusetts corporation, against the Lalance & Grosjean Manufacturing Company, a New York corporation. The suit was begun in the United States District Court for Massachusetts, pursuant to section 48 of the Judicial Code, which provides:

"In suits brought for the infringement of letters patent the District Courts of the United States shall have jurisdiction, in law or in equity, in the district of which the defendant is an inhabitant, or in any district in which the defendant * * * shall have committed acts of infringement and have a regular and established place of business. If such suit is brought in a district of which the defendant is not an inhabitant, but in which such de-

fendant has a regular and established place of business, service of process, summons, or subpœna upon the defendant may be made by service upon the agent or agents engaged in conducting such business in the district in which suit is brought."

In the bill it was alleged that the defendant was an inhabitant and citizen of the state of New York, that it had a regular and established place of business in the district of Massachusetts, and that it had committed acts of infringement there. The bill having been filed in court and a writ of subpœna issued thereon, the process on June 12, 1917, was served "on the within-named Lalance & Grosjean Manufacturing Company, by giving in hand to George A. Bath, manager of Lalance & Grosjean Manufacturing Company, room 404, 261 Franklin street, Boston, in said district, a true and attested copy of this subpœna."

June 15, 1917, the plaintiffs filed a motion for a preliminary injunction and affidavits in support thereof. June 26, 1917, the defendant appeared specially, objected to the jurisdiction of the court, and filed a motion, together with affidavits in support thereof, to quash the service of process upon it and to dismiss the bill for the following reasons:

"(1) Because it has not been made to appear that the defendant has a regular and established place of business within the district of Massachusetts.

"(2) Because it has not been made to appear that acts of infringement have been committed by it within said district.

"(3) Because no service of process has been made upon any agent engaged in conducting its business in said district.

"(4) Because the service of the order to show cause is insufficient to require the defendant to appear and plead."

It thus appears that, as the defendant was not an inhabitant and citizen of Massachusetts, jurisdiction of the District Court was invoked and depended upon whether the defendant had committed acts of infringement and had a regular and established place of business in the district of Massachusetts, and whether the subpœna in question had been served upon an agent of the defendant engaged in conducting such business in the district.

A hearing having been had on the respective motions of the plaintiffs and the defendant, the District Court, on July 31, 1917, filed an opinion in which it made certain findings of fact and rulings of law. It found that the defendant had a place of business at room No. 404, 261 Franklin street, Boston, in charge of George A. Bath, as salesman, assisted by a clerk, Miss Edwards; that the business conducted there consisted only in taking orders and forwarding them to the home office of the company in New York for acceptance or rejection; that Bath had no authority "to complete transactions there on its behalf, or to represent it there in negotiations so as to bind it"; and that he never "assumed to exercise such authority there." It was ruled that the nature of the business conducted at the Franklin street office was such that the defendant did not maintain a regular and established place of business there within the meaning of section 48. It was also found that the course of business above pointed out did not involve acts of infringement by the defendant, and that the evidence disclosed but a single instance tending to show any departure from such course of business. This was on a certain occasion when

one Landeck, at the solicitation of the plaintiffs, went to the Franklin street office in Bath's absence and prevailed on Miss Edwards to let him leave an order for certain articles to be delivered to one Kamins, at his store in Cambridge; that she received from him $12.36, the amount which, at his request, she figured the articles to come to, the order being for articles welded according to the method of the patent; that, before signing the memorandum and receiving the money, she told Landeck she would have to submit the order to the company, who would be at liberty to refuse both the order and the money; and that the defendant, in accepting the money and filling the order, did this in New York. It was thereupon ruled that acts of infringement in Massachusetts were not shown. Having made these findings and rulings, it was further ruled that the service of the subpœna on Bath was not due service on the defendant, that the motions to quash and dismiss should be granted, and that, jurisdiction not appearing, no injunction was to issue. Pursuant to this opinion a formal decree was entered, the material portions of which are as follows:

"It is ordered and decreed that defendant's motion to quash the service of the subpœna herein be, and the same hereby is, granted; and it is

"Further ordered and decreed that defendant's motion to dismiss the bill of complaint herein for want of jurisdiction be, and the same hereby is, granted; and it is

"Further ordered and decreed that plaintiffs' motion for a preliminary injunction be, and the same hereby is, denied."

From this decree the plaintiffs appealed to this court, and in their assignments of error complain that the court erred in its various findings of fact and rulings of law above enumerated, including the dismissal of their bill for want of jurisdiction and the denial of their motion for preliminary injunction.

The case having been docketed here, the defendant filed a motion to dismiss the appeal for want of jurisdiction in this court to entertain the same; the court below having dismissed the bill for want of jurisdiction.

The appellate jurisdiction of Circuit Courts of Appeals and of the Supreme Court, so far as applicable to this case, is set forth in the Judicial Code, as follows:

"The Circuit Courts of Appeals shall exercise appellate jurisdiction to review by appeal or writ of error final decisions in the District Courts, * * * in all cases other than those in which appeals and writs of error may be taken direct to the Supreme Court, as provided in section two hundred and thirty-eight, unless otherwise provided by law." Section 128.

    *     *     *     *     *     *     *     *     *     *

"Appeals and writs of error may be taken from the District Courts * * * direct to the Supreme Court in the following cases: In any case in which the jurisdiction of the court is in issue, in which case the question of jurisdiction alone shall be certified to the Supreme Court from the court below for decision." Section 238.

No contention is made but that the facts in this case present a question of "jurisdiction" within the meaning of the statutes above quoted, and none reasonably could be in view of the decisions of the Supreme Court in considering a like state of facts involving the same question. Board of Trade of Chicago v. Hammond Elevator Co., 198 U. S.

424, 25 Sup. Ct. 740, 49 L. Ed. 1111; Kendall v. American Automatic Loom Co., 198 U. S. 477, 25 Sup. Ct. 768, 49 L. Ed. 1133; Remington v. Central Pacific R. R. Co., 198 U. S. 95, 25 Sup. Ct. 577, 49 L. Ed. 959; Greene v. Chicago, Burlington & Quincy R. R. Co., 205 U. S. 530, 27 Sup. Ct. 595, 51 L. Ed. 916; International Harvester Co. v. Kentucky, 234 U. S. 579, 34 Sup. Ct. 944, 58 L. Ed. 1479; Tyler Co. v. Ludlow-Saylor Co., 236 U. S. 723, 35 Sup. Ct. 458. 59 L. Ed. 808; Herndon-Carter Co. v. Norris & Co., 224 U. S. 496, 32 Sup. Ct. 550, 56 L. Ed. 857; Merriam v. Saalfield, 241 U. S. 22, 26, 36 Sup. Ct. 477, 60 L. Ed. 868; Phila. & Reading Ry. Co. v. McKibbin, 243 U. S. 264, 37 Sup. Ct. 280, 61 L. Ed. 710; St. Louis Cotton Compress Co. v. American Cotton Co., 125 Fed. 196, 60 C. C. A. 80; Peoples Tobacco Co., Ltd., v. American Tobacco Co., 246 U. S. 79, 38 Sup. Ct. 233, 62 L. Ed. —— (decided March 4, 1918); Mechanical Appliance Co. v. Castleman, 215 U. S. 437, 30 Sup. Ct. 125, 54 L. Ed. 272.

The question presented by the defendant's motion as to the jurisdiction of this court over the present appeal involves the inquiry whether the judgment of the District Court dismissing the suit is one reviewable here or only on a direct appeal to the Supreme Court, for, if the appeal is one that, under section 238, should have been taken directly to that court, its authority to review the question is exclusive. United States v. Larkin, 208 U. S. 333, 339, 340, 28 Sup. Ct. 417, 52 L. Ed. 517; American Sugar Refinery Co. v. New Orleans, 181 U. S. 277, 21 Sup. Ct. 646, 45 L. Ed. 859; United States v. Jahn, 155 U. S. 109, 15 Sup. Ct. 39, 39 L. Ed. 87; Excelsior Co. v. Pacific Bridge Co., 185 U. S. 282, 22 Sup. Ct. 681, 46 L. Ed. 910.

As to this question the plaintiffs' position is that the decree of the court below dismissing the suit did not alone relate to a question of jurisdiction, but also involved a determination on the merits of the plaintiffs' right to a preliminary injunction, and, such being the situation, they had a right of appeal on the whole case to this court.

In the case of United States v. Jahn, 155 U. S. 109, 15 Sup. Ct. 39, 39 L. Ed. 87, the Supreme Court has classified the circumstances which determine the respective appellate jurisdictions of the Supreme Court and the Circuit Courts of Appeals under the acts of Congress here in question, as follows:

"(1) If the jurisdiction of the Circuit Court is in issue and decided in favor of the defendant, as that disposes of the case, the plaintiff should have the question certified and take his appeal or writ of error directly to this court. (2) If the question of jurisdiction is in issue, and the jurisdiction sustained, and then judgment or decree is rendered in favor of the defendant on the merits, the plaintiff, who has maintained the jurisdiction, must appeal to the Circuit Court of Appeals, where, if the question of jurdisdiction arises, the Circuit Court of Appeals may certify it. (3) If the question of jurisdiction is in issue, and the jurisdiction sustained, and judgment on the merits is rendered in favor of the plaintiff, then the defendant can elect either to have the question certified and come directly to this court, or to carry the whole case to the Circuit Court of Appeals, and the question of jurisdiction can be certified by that court. (4) If in the case last supposed the plaintiff has ground of complaint in respect of the judgment he has recovered, he may also carry the case to the Circuit Court of Appeals on the merits, and this he may do by way of cross-appeal or writ of error if the defendant has taken the case there, or independently, if the defendant has carried the case to

this court on the question of jurisdiction alone, and in this instance the Circuit Court of Appeals will suspend a decision upon the merits until the question of jurisdiction has been determined. (5) The same observations are applicable where a plaintiff objects to the jurisdiction and is, or both parties are, dissatisfied with the judgment on the merits."

An examination of the cases involving like questions that have arisen since the decision in the Jahn Case shows that the rules there laid down have been followed without question. The Steamship Jefferson, 215 U. S. 130, 30 Sup. Ct. 54, 54 L. Ed. 125, 17 Ann. Cas. 907; Excelsior Wooden Pipe Co. v. Pacific Bridge Co., 185 U. S. 282, 22 Sup. Ct. 681, 46 L. Ed. 910; Id., 109 Fed. 497, 48 C. C. A. 349; Kendall v. Automatic Loom Co., 198 U. S. 477, 25 Sup. Ct. 768, 49 L. Ed. 1133; Davis v. C., C., C. & St. L. Ry., 217 U. S. 157, 172, 30 Sup. Ct. 463, 54 L. Ed. 708, 27 L. R. A. (N. S.) 823, 18 Ann. Cas. 907; Id., 156 Fed. 775, 84 C. C. A. 453; Board of Trade of Chicago v. Hammond Elevator Co., 198 U. S. 424, 25 Sup. Ct. 740, 49 L. Ed. 1111; Evans-Snider-Buel Co. v. McCaskill, 101 Fed. 658, 41 C. C. A. 577; Cabot v. McMaster, 65 Fed. 533, 13 C. C. A. 39; St. Louis Cotton Compress Co. v. American Cotton Co., 125 Fed. 196, 60 C. C. A. 80.

The plaintiffs rely particularly in support of their contention on the case of Morrisdale Coal Co. v. Pennsylvania R. R. Co., 183 Fed. 929, 106 C. C. A. 269. But we do not think that case should be followed for the reasons: (1) That the ground of dismissal in the District Court did not involve a question of "jurisdiction" within the meaning of the acts of Congress under consideration, but rather a failure to allege and prove facts essential to constitute a cause of action. This is pointed out in the case of Darnell v. Illinois Central R. R., 225 U. S. 243, 32 Sup. Ct. 760, 56 L. Ed. 1072, where the court, in considering a similar question says:

"It is clear that the question of whether the plaintiff was entitled to the relief prayed, in the absence of an averment of previous action by the Interstate Commerce Commission, involved merely the determination of whether there was a cause of action stated, and hence that under these circumstances this issue did not call in question the jurisdiction of the court below as a federal court"

—and (2) because we are of the opinion that, if the dismissal in the District Court could be said to present a jurisdictional question, on the facts as presented in that case the court in the majority opinion misapplied the rules laid down in United States v. Jahn, supra, with relation to the right of review.

We are also of the opinion that this case falls within the first rule stated in the Jahn Case. The jurisdiction of the District Court was put in issue by the defendant's motion to dismiss, and was decided in favor of the defendant. That disposed of the case, and left the question of jurisdiction as the only one open to review on appeal. The denial of the plaintiffs' motion for a preliminary injunction was not upon the merits, but was a mere incident of the decree dismissing the suit for want of jurisdiction. The verbal inclusion of the denial in the decree was at most mere surplusage; it added nothing to and took noth-

ing from it; and that such was the understanding of the District Court is shown from the statement in its opinion, where it says:

"Jurisdiction not appearing, of course no injunction is to issue."

Such being the situation, appellate jurisdiction to review the decision of the court below was vested in the Supreme Court alone by the provisions of section 238 of the Judicial Code. This court being without jurisdiction to review the judgment, the motion to dismiss the appeal must be granted.

Appeal dismissed.