### NICKELS v. PULLMAN CO.

(Circuit Court of Appeals, Fourth Circuit. October 23, 1919.)

No. 1704.

COURTS ⬳405(5)—SUPREME COURT ONLY HAS JURISDICTION ON APPEAL WHERE
    DECISION OF LOWER COURT IS BASED ON WANT OF JURISDICTION.
        Judgment of a District Court, dismissing an action for want of juris-
    diction over the defendant, although as incidental to such decision the
    court determined other questions, such as the effectiveness of attempted
    service under the laws of the state, is reviewable only by the Supreme
    Court, under Judicial Code, § 238 (Comp. St. § 1215).

In Error to the District Court of the United States for the West-
ern District of Virginia, at Big Stone Gap; Henry Clay McDowell,
Judge.

Action by Lila Belle Nickels against the Pullman Company. Judg-
ment of dismissal, and plaintiff brings error. Dismissed.

W. H. Robertson and W. H. Rouse, both of Bristol, Va. (Morison,
Morison & Robertson and A. K. Morison, all of Bristol, Va., on the
brief), for plaintiff in error.

R. E. Scott and H. G. Buchanan, both of Richmond, Va., for de-
fendant in error.

Before PRITCHARD, KNAPP, and WOOD, Circuit Judges.

KNAPP, Circuit Judge. Claiming damages for a personal injury,
plaintiff in error brought suit in the Western district of Virginia, where
she resided, against the Pullman Company, an Illinois corporation.
She made various attempts to serve the defendant with process, by
serving on certain alleged agents and by publication, but all were held
to be ineffectual. In consequence her complaint was dismissed for
want of jurisdiction, because the defendant had not been brought
into court, and she seeks by this writ of error to reverse the ruling.
The defendant here moves to dismiss the writ, on the ground that the
decision below was reviewable only by the Supreme Court on direct
appeal thereto, and therefore this court is without jurisdiction. This
motion is based on sections 128 and 238 of the Judicial Code (Comp.
St. §§ 1120, 1215), the material parts of which are as follows:

"Sec. 128. The Circuit Courts of Appeals shall exercise appellate jurisdic-
tion to review by appeal or writ of error final decisions in the District Courts

* * * in all cases other than those in which appeals and writs of error may be taken direct to the Supreme, Court, as provided in section 238, unless otherwise provided by law."

"Sec. 238. Appeals and writs of error may be taken from the District Courts * * * direct to the Supreme Court in the following cases: In any case in which the jurisdiction of the court is in issue, in which case the question of jurisdiction alone shall be certified to the Supreme Court from the court below for decision."

The sole question passed upon by the court below was the question of its own jurisdiction, and hence the sole question for review is whether or not that court had jurisdiction. In such case, and where, as here, the trial court holds that it has not jurisdiction, it seems definitely settled that review can be had only by direct resort to the Supreme Court. In United States v. Jahn, 155 U. S. 109, 114, 15 Sup. Ct. 39, 39 L. Ed. 87, that court classifies the cases that may arise under the sections quoted, and defines their application to each of the described classes. Of the first class, which obviously includes the instant case, it is said:

"If the jurisdiction of the Circuit Court [now District Court] is in issue and decided in favor of the defendant, as that disposes of the case, the plaintiff should have the question certified and take his appeal or writ of error directly to this court."

This ruling has been followed and applied in numerous cases, among which are Shephard v. Adams, 168 U. S. 618, 18 Sup. Ct. 214, 42 L. Ed. 602; Board of Trade v. Hammond Elevator Co., 198 U. S. 424, 25 Sup. Ct. 740, 49 L. Ed. 1111; Kendall v. Am. Automatic Loom Co., 198 U. S. 477, 482, 25 Sup. Ct. 768, 49 L. Ed. 1133; Mechanical Appliance Co. v. Castleman, 215 U. S. 437, 30 Sup. Ct. 125, 54 L. Ed. 272; P. & R. Ry. Co. v. McKibbin, 243 U. S. 264, 37 Sup. Ct. 280, 61 L. Ed. 710. In the last-named case, a personal injury action, the court says:

"Whether the corporation was doing business within the state and whether the person served was an authorized agent are questions vital to the jurisdiction of the court. A decision of the lower court on either question, if duly challenged, is subject to review in this court; and the review extends to findings of fact as well as to conclusions of law. Herndon-Carter Co. v. Norris, Son & Co., 224 U. S. 496 [32 Sup. Ct. 550, 56 L. Ed. 857]; Wetmore v. Rymer, 169 U. S. 115 [18 Sup. Ct. 293, 42 L. Ed. 682]."

It is likewise settled by these decisions that the jurisdiction of a federal court as such is involved in quashing service of process and dismissing suit because the defendant has not been brought into court. And it is further settled that the Circuit Court of Appeals is without jurisdiction in a case directly appealable to the Supreme Court, since in such case the jurisdiction of the Supreme Court is exclusive. United States v. Larkin, 208 U. S. 333, 28 Sup. Ct. 417, 52 L. Ed. 517.

This court would undoubtedly have jurisdiction, if the court below, in addition to the question of jurisdiction, had decided other and independent questions of general law (Boston & Maine R. Co. v. Gokey, 210 U. S. 155, 28 Sup. Ct. 657, 52 L. Ed. 1002); and plaintiff contends at length that such questions were decided. But this contention is plainly without merit. The questions referred to, which the court did

decide, were in no sense independent, but rather and merely incidental to and involved in the determination of the main question, namely, whether the court had jurisdiction. As was said in a case cited by plaintiff and apparently much relied upon (Olds v. Hettler Lumber Co., 195 Fed. 9, 11, 115 C. C. A. 91, 93):

"The inquiry whether there is jurisdiction commonly necessitates the application of rules of general law, but the inquiry does not thereby lose its distinctively jurisdictional character. The only question here presented to the circuit court for its decision and the only question which it decided was: 'Did it have jurisdiction to proceed and hear the merits of the controversy?' Whether the defendant has a place of business within the district, whether it is an inhabitant of the district, whether the agent was authorized by virtue of his employment to receive service, whether his acceptance of service has been ratified, whether any otherwise valid objection to service has been waived— all these problems may and often do involve some general legal question, but all bear upon and lead up to, and are considered only because they bear upon and lead up to, the ultimate, sole question for decision, viz. jurisdiction or not."

So in the case at bar. Whether the defendant was brought into court by service of process on its statutory agent in Virginia, who resided and was served in the Eastern district, was manifestly not an independent question of general law, but simply and solely the question whether that service gave the court jurisdiction of the person of the defendant, either by virtue of the Conformity Act, or because such service, though made in another district, bound the defendant to appear, or because its special appearance should be held to be a general appearance, or for any other reason. The fact relied upon by plaintiff was the service, outside the district in which the suit is brought, on the agent appointed by defendant in compliance with a statute of Virginia; and it seems obvious that whatever effect is or may be claimed on any ground for the service so made involves directly and bears only upon the one question of jurisdiction.

The same may be said without repeating the argument of the substituted service by publication under the Viginia Code. Here again it appears clearly that the question whether such publication operated to bring the defendant into court was in no aspect separable and independent, but merely incidental to and necessarily involved in the ultimate question of the court's jurisdiction; and in that regard it is immaterial whether the court was right or wrong in its conclusion.

A similar contention was made in the recent case of Am. Electric Welding Co. v. Lalance & Grosjean Mfg. Co., 249 Fed. 968, 162 C. C. A. 166, that the decree of the court below dismissing the suit was not confined to the question of jurisdiction, but involved also a determination on the merits of plaintiffs' right to a preliminary injunction and therefore the whole case was reviewable by the Circuit Court of Appeals. But that court said, citing the cases above referred to and many others:

"We are also of opinion that this case falls within the first rule stated in the Jahn Case. The jurisdiction of the District Court was put in issue by the defendant's motion to dismiss, and was decided in favor of the defendant. That disposed of the case, and left the question of jurisdiction as the only one open to review on appeal. The denial of the plaintiffs' motion for a pre-

liminary injunction was not upon the merits, but was a mere incident of the decree dismissing the suit for want of jurisdiction."

Further discussion is quite unnecessary. On the record here presented it appears beyond dispute that this court is without jurisdiction, and the motion to dismiss must therefore be granted.

Dismissed.