## I. T. S. RUBBER CO. v. ESSEX RUBBER CO.

(Circuit Court of Appeals, First Circuit. November 29, 1921.)

No. 1505.

Courts ⟨⇒405(5)—Appeal from District Court's decree dismissing suit for infringement of patent held properly taken to Circuit Court of Appeals.

Where suit to enjoin infringement of patent was brought in district of federal court in which it was admitted that the defendant had a regular and established place of business, and in which defendant had concededly sold the goods claimed to infringe the plaintiff's patent, appeal from decree of dismissal "for want of jurisdiction" on the ground that the goods sold by defendant did not in fact infringe plaintiff's patent, and that therefore there was no infringement in the district, was properly taken to the Circuit Court of Appeals instead of to the Supreme Court, since the question decided by the District Court was not one going to its jurisdiction under Jud. Code, § 48 (Comp. St. § 1030), but was a question depending for its determination upon general principles applicable alike in any jurisdiction.

Appeal from the District Court of the United States for the District of Massachusetts; George W. Anderson, Judge.

Bill by the I. T. S. Rubber Company against the Essex Rubber Company. Bill dismissed (270 Fed. 593), and complainant appeals. On motion to dismiss appeal. Motion denied.

---

⟨⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Charles A. Brown, of Chicago, Ill. (F. O. Richey, of Elyria, Ohio, and Nathan Heard and F. A. Tennant, both of Boston, Mass., on the brief), for appellant.

Lucius E. Varney, of New York City (Frederick L. Emery, of Boston, Mass., on the brief), for appellee.

Before BINGHAM and JOHNSON, Circuit Judges, and BROWN, District Judge.

BINGHAM, Circuit Judge. This is a bill in equity brought by the I. T. S. Rubber Company, an Ohio corporation, against the Essex Rubber Company, a New Jersey corporation, alleged to "have a regular and established place of business at 58 Lincoln street, Boston, Mass., within the district of Massachusetts, wherein the acts of infringement herein complained of took place," for infringement of letters patent No. 14,049, reissued January 11, 1916, and now owned by the plaintiff.

In its answer the defendant admitted that it was a New Jersey corporation with a regular and established place of business at 58 Lincoln street, Boston, Mass., within the district of Massachusetts, but denied that any acts of infringement were committed by it there or elsewhere in the district of Massachusetts, and specially reserved its right to contest the jurisdiction of the District Court.

It was stipulated between the parties that heels forming Plaintiff's Exhibits Nos. 1 and 2, Defendant's Heel, Series A and B, were sold by the defendant in the district of Massachusetts between January 11, 1916 (the date of the patent in suit), and the filing of the bill, and that the acts of infringement pleaded in the bill as above set forth consisted in the sale by the defendant within the district of Massachusetts of the heel lifts constituting Plaintiff's Exhibits Nos. 1 and 2, or other heel lifts exactly like them except as to size and color.

The defendant then moved to dismiss the bill on the ground that the court was without jurisdiction of the cause. After hearing the motion the court entered a decree which, among other things, stated that—

"It appearing that an act of infringement in this district is essential to jurisdiction. and that, to establish such act of infringement, plaintiff relies solely upon the sale in this district of heel lifts forming Plaintiff's Exhibits Nos. 1 and 2, Defendant's Heels, Series A and B (or heel lifts exactly like them except as to size and color); now, upon consideration thereof, this court finds that the heel lifts forming said exhibits each have their upper side and rear edges straight and all in one plane, and that letters patent in suit, to wit, reissue patent No. 14,049, are insufficient in scope to cover such heel lifts, and therefore that there is no infringement in this district; wherefore it is

"Ordered. adjudged, and decreed that the bill of complaint be, and the same hereby is, dismissed for want of jurisdiction."

From this decree the I. T. S. Rubber Company appealed to this court. The defendant then filed a motion requesting a dismissal of the appeal, asserting that the decree below was based solely on the ground that the District Court was without jurisdiction, and that in such case an appeal could be taken only to the Supreme Court.

Section 48 of the Judicial Code (Comp. St. § 1030) provides:

"In suits brought for the infringement of letters patent the District Courts of the United States shall have jurisdiction, in law or in equity, in the district of which the defendant is an inhabitant, or in any district in which the defendant, whether a person, partnership, or corporation, shall have committed acts of infringement and have a regular and established place of business. If such suit is brought in a district of which the defendant is not an inhabitant, but in which such defendant has a regular and established place of business, service of process, summons, or subpœna upon the defendant may be made by service upon the agent or agents engaged in conducting such business in the district in which suit is brought."

In this case it is conceded that the defendant has a regular and established place of business at Boston, within the district, and that heels represented by plaintiff's exhibits or others exactly like them were sold by the defendant in Massachusetts after the reissue of plaintiff's patent and prior to the bringing of this bill. It is denied, however, that these heels infringe the plaintiff's patent, and the court below has so found. Having made this finding, it ruled that it was without jurisdiction of the cause under section 48 of the Code; in other words, the ruling was that, to establish its jurisdiction, the plaintiff must show not only that the defendant had a place of business in Massachusetts and sold the articles in question in that district, but that those articles in fact infringed; that an allegation that they infringed was not enough.

The plaintiff, on the other hand, contends that, inasmuch as it was conceded that the defendant had an established place of business at Boston, and that the alleged infringing heels were sold there, the jurisdiction of the District Court was made to appear, without proof that the alleged infringing heels were such in fact; that the question whether they infringed or not was one of a general nature going to the merits of the cause, which any court of concurrent jurisdiction might pass upon, and was not a question involving the power of the District Court as a federal court.

In De Rees v. Costaguta, 254 U. S. 166, 173, 41 Sup. Ct. 69, 71 (65 L. Ed. ——), it is said:

"Since the decision of Sheppard v. Adams, 168 U. S. 618, it has been the accepted doctrine that, where there is a contention that no valid service of process has been made upon the defendant, and the judgment is rendered without jurisdiction over the person, such judgment can be reviewed by direct appeal to this court. This principle was restated and previous cases cited as late as Merriam & Co. v. Saalfield, 241 U. S. 22, 26."

In Tyler Co. v. Ludlow-Saylor Wire Co., 236 U. S. 723, 35 Sup. Ct. 458, 59 L. Ed. 808, the Supreme Court, in construing section 48 of the Judicial Code (then a part of the act of March 3, 1897, c. 395, 29 Stat. 695), held in substance that, when a defendant is sued for infringement of letters patent in a district other than that of which it is an inhabitant, the question whether it has an established place of business in that district is a preliminary question of fact going to the jurisdiction of the court, and that, if the fact is found against the plaintiff and the cause dismissed for want of jurisdiction, the appeal should be to the Supreme Court. This was the position and holding of this court in American Electric Welding Co. v. Lalance

& Grosjean Mfg. Co., 249 Fed. 968, 162 C. C. A. 166, decided March 18, 1918.

In Tyler Co. v. Ludlow-Saylor Wire Co., supra, it further appeared that the alleged infringing sale did not in fact take place within the district in which the suit was brought. This also was apparently held to be a preliminary question of fact, going to the jurisdiction of the District Court in which the suit was brought as a federal court. But so far as we can ascertain it has never been determined that it is a preliminary question, going to the jurisdiction of the court as a federal court, whether the article sold in fact infringed.

The Supreme Court in De Rees v. Costaguta, 254 U. S. 166, 41 Sup. Ct. 69, 65 L. Ed. ——, in construing section 57 of the Judicial Code (Comp. St. § 1039), passed upon a question analogous to the one under consideration and which lends aid to its solution.

Section 57 reads as follows:

"When in any suit commenced in any district court of the United States to enforce any legal or equitable lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to real or personal property within the district where such suit is brought, one or more of the defendants therein shall not be an inhabitant of or found within the said district, or shall not voluntarily appear thereto, it shall be lawful for the court to make an order directing such absent defendant or defendants to appear, plead, answer, or demur by a day certain to be designated, which order shall be served on such absent defendant or defendants, if practicable, wherever found, and also upon the person or persons in possession or charge of said property, if any there be, or, where such personal service upon such absent defendant or defendants is not practicable, such order shall be published in such manner as the court may direct, not less than once a week for six consecutive weeks. In case such absent defendant shall not appear, plead, answer, or demur within the time so limited, or within some further time, to be allowed by the court, in its discretion, and upon proof of the service of publication of said order and of the performance of the directions contained in the same, it shall be lawful for the court to entertain jurisdiction, and proceed to the hearing and adjudication of such suit in the same manner as if such absent defendant had been served with process within the said district; but said adjudication shall, as regards said absent defendant or defendants without appearance, affect only the property which shall have been the subject of the suit and under the jurisdiction of the court therein, within such district," etc.

In that suit it appeared that the plaintiff was a resident and citizen of New Jersey, and filed a bill in the District Court for the Southern District of New York against David Costaguta, Marcos A. Algiers, Alejandro Sassoeli, Eugenio Ottolenghi, individually, and as copartners composing the firm of David Costaguta & Co., asserting that they were aliens and residents of the republic of Argentine, South America. Renado Taffell, a British subject, but a resident of the Southern District of New York, and the American-European Trading Corporation, a New York corporation, were also joined as defendants. The bill set forth a contract whereby it was alleged that a copartnership existed between the plaintiff and Costaguta & Co. for the buying and selling of hosiery; that to carry the contract into effect a place of business was established in New York City; that a disagreement arose between the parties; that the plaintiff elected to terminate the contract and demanded liquidation and an accounting;

that the firm of Costaguta & Co. caused the American-European Corporation to be organized and certain assets of the copartnership transferred to the corporation in fraud of the plaintiff; and that the assets were within the territorial jurisdiction of the Southern District of New York. The plaintiff prayed for a liquidation and an accounting establishing what sum, if any, was due him; that he be decreed to have a lien upon all the property of the defendants and on the property and assets of the American-European Corporation; and that a receiver pendente lite be named. An order was issued requiring the defendants to show cause why such receiver should not be appointed and the defendants required to transfer the property to the receiver, etc. The subpœna and order were served upon the resident defendants. The plaintiff then procured an order authorizing service upon the nonresident defendants by publication under section 57. The nonresident defendants filed a special appearance asking that the order of service by publication be set aside and vacated. The District Court denied the plaintiff's motion for an injunction and a receiver, granted the nonresidents' motion to vacate the order for service, and dismissed the bill solely on the ground that the case as made by the bill did not state a legal or equitable claim to or lien upon the property in the district to give it jurisdiction within the meaning of section 57. On that dismissal an appeal was taken to the Supreme Court under section 238 of the Code (Comp. St. § 1215) upon the question of the jurisdiction of the court. It appears that the District Court regarded the question whether the plaintiff, under the contract, had a lien upon or a right in the assets or property within the district as one going to the jurisdiction of the court as a federal court.

The Supreme Court held that the question decided by the District Court was one determined upon principles which would be equally applicable had the question been presented in other jurisdictions and therefore did not involve the jurisdiction of the federal court as such; that, such being the case, the appeal should have been taken to the Court of Appeals, and, having been taken to the Supreme Court, should be dismissed for want of jurisdiction.

We are of the opinion that the question presented by this case differs in no respect from that in the Costaguta Case; that the questions in both cases depend for their determination upon general principles applicable alike in any jurisdiction in which they may arise; and that neither involves the jurisdiction of the federal court as such.

If the defendant's construction of the statute were correct, then, notwithstanding the court had determined in its favor a question going to the merits of the cause and one which ordinarily would entitle it to an unqualified decree of dismissal, the case would have to be dismissed for want of jurisdiction. We do not think a construction necessitating such a result can be entertained.

As the question passed upon by the District Court was one not going to its jurisdiction as a federal court, the appeal was properly taken to this court, and the motion to dismiss is denied.