## HOFFMAN et al. v. McCLELLAND et al.

(Circuit Court of Appeals, Fifth Circuit. November 21, 1922.)

No. 3827.

**Courts ⊂⊃405(5)—Decree based on want of jurisdiction appealable to Supreme Court.**

> Where a District Court denied leave to file a petition of intervention on the ground of want of jurisdiction, based on a finding that the petition was not ancillary, but an original bill, which did not show jurisdictional facts, an appeal does not lie to the Circuit Court of Appeals, but to the Supreme Court, under Judicial Code, §§ 128, 238 (Comp. St. §§ 1120, 1215).

Appeal from the District Court of the United States for the Western District of Texas; Duval West, Judge.

W. H. Hoffman and others appeal from a decree denying permission to file·a petition of intervention, which Peter McClelland, Jr., and others, opposed. Appeal transferred to Supreme Court.

D. A. Kelley, M. C. H. Park, and Robert H. Rogers, all of Waco, Tex., for appellants.

Francis Marion Etheridge, of Dallas, Tex., and Marshall Surratt, of Waco, Tex., for appellees.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. The appellants sought the leave of the District Court to file a petition or bill of intervention in a cause previously brought therein. The appellees, who were parties to said cause, objected in writing to the granting of such leave on the ground that the court had—

> "no jurisdiction, because the purported intervention is not ancillary, but is original, and no federal question exists, nor does there exist the requisite diversity of citizenship, and this court therefore has not jurisdiction of the matters and things attempted to be presented by the said purported bill of intervention."

The motion for leave to file and the objection thereto were disposed of by the following decree:

> "On this the 19th day of November, A. D. 1921, came regularly on to be heard the motion of W. H. Hoffman, D. A. Kelley, Robert H. Rodgers, Anna G. Herring, individually and as administratrix of the estate of W. D. Herring, deceased, and independent executrix of his last will and testament, and Laura Belle Bagby, joined by her husband, W. H. Bagby, for leave to file their petition of intervention herein, which petition of intervention was, by the order of this court of March 9, 1921, directed to be deposited with the clerk of this court awaiting the further order of this court thereon. And the court, having heard said motion, said proposed petition of intervention and the objections thereto, and being duly advised in the premises, is of the opinion that said proffered petition of intervention is not ancillary, but is original, and that as an original bill this court is without jurisdiction to entertain the same, because no federal question is presented therein, and because the requisite diversity of citizenship does not exist. It is therefore ordered, adjudged and decreed by the court that said motion to file said proffered plea of intervention be and the same is hereby overruled, for the reason and upon the ground hereinabove specified. To which ruling the said interveners hereinabove named duly and in open court excepted and gave notice of appeal."

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The appeal is from that decree. Where the jurisdiction of the District Court is put in issue, and the case is disposed of by a decision of that issue in favor of the party raising it, the judgment or decree is not subject to be reviewed by this court on appeal or writ of error. Judicial Code, §§ 128, 238 (Comp. St. §§ 1120, 1215); United States v. Jahn, 155 U. S. 109, 15 Sup. Ct. 39, 39 L. Ed. 87; Knisely v. Burt, 248 Fed. 493, 160 C. C. A. 503; Great Northern Ry. Co. v. Blaine County, 252 Fed. 548, 164 C. C. A. 464. The above set out decree was none the less one disposing of the case on the sole ground that the court did not have jurisdiction of it by reason of the circumstance that that decree adjudged that the proffered petition of intervention was not ancillary, but was original. By that adjudication the court ruled against the claim that there was a ground on which the asserted jurisdiction could be maintained. That ruling was a step towards, and led up to, the conclusion of the court that it was without jurisdiction of the proceeding in question. A ruling which is a mere incident of or involved in the ultimate conclusion that the court is without jurisdiction does not make a decree to that effect reviewable by this court. Nickels v. Pullman Co. (C. C. A.) 263 Fed. 551.

The failure of the court formally to certify the question of jurisdiction did not have the effect of depriving the appellants of the right to appeal to the Supreme Court, or of giving them the right to have the decree reviewed by this court. It is enough to deprive this court of any right to review the decree that the record shows clearly that the only matter tried and decided in the District Court was one of jurisdiction, and that that court's decree was to the effect that it was without jurisdiction. Herndon-Carter Co. v. Norris, 224 U. S. 496, 32 Sup. Ct. 550, 56 L. Ed. 857.

It appearing that the appeal in this case should have been taken to the Supreme Court of the United States, instead of to this court, in compliance with the Act approved September 14, 1922, it is ordered that said appeal be transferred to the Supreme Court of the United States.